## LANATA v. PLANAS et al.

In an action by a creditor to annul a contract made in fraud of his rights, the record of an action in which he had obtained a judgment against the original debtor is admissible in evidence as *primâ facie* evidence of the claim, though the defendant was not a party to the action; but the latter may contest the demand of the plaintiff, though liquidated by a judgment, in the same manner that the debtor might have done before the judgment; and it is his duty to do so. C. C. 1971. *Per Curiam :* The cases in which it has been held that the burthen of proof is on the judgment creditor, are those in which wives have obtained judgments against their husbands. They are exceptions to the general rule that, whoever alleges fraud must prove it.

APPEAL from the District Court of the First District, *Buchanan*, J. *Latour* and *Roselius*, for the plaintiff. *Dufour*, for the appellants. The judgment of the court was pronounced by

ROST, J. This is a revocatory action. The plaintiff seeks to avoid three acts of mortgrge, and an act of sale, from *Ramon Planas* to the other defendant, on the ground that they were executed in fraud of his rights as a creditor of *Planas*, and for the purpose of giving an unjust preference. The answer of *Presas* denies the claim of the plaintiff, and alleges collusion and fraud between him and *Planas*. There was a judgment in favor of the plaintiff, and the defendant *Presas*, for himself and *Francisco Alzina*, another party interested, appealed.

On the trial below, the plaintiff offered in evidence two records of the court from which this appeal is brought up, in order to prove the claims upon which this action is founded. *Presas* opposed the introduction of those records on

the following grounds : 1st. That one of the judgments obtained in those cases was rendered on the confession of *Ramon Planas*, made in open court, after *Planas* had filed an answer claiming a large sum in reconvention. 2d. That the defendant, *Presas*, has pleaded fraud and collusion between *Planas* and *Lanata*, whom he alleges are combined against him. 3d. That he was not a party to those suits, and that he knows the allegations of *Planas* and his answers to be true. The court admitted the records and judgments as *primâ facie* evidence of the claims, and the defendant *Presas* took a bill of exceptions.

We concur in the view taken by the judge in relation to this evidence. Under art. 1971 of the Civil Code the presumption resulting from those judgments was not, in relation to *Presas*, *juris et de jure*. He might controvert the demand of the plaintiff, although liquidated by a judgment, in the same manner that the debtor might have done before the judgment; but it was his duty to do so. He avers that the allegations of *Planas* in his answers could be proved. It was incumbent upon him to prove them. The cases in which it has been held, that the burthen of proof was on the judgment creditor, were cases in which wives had obtained judgments against their husbands; they form exceptions to the general rule, that whoever alleges fraud must prove it. Moreover, it is clearly shown, that *Presas* was apprised of the claims of the plaintiff, and that it was for the purpose of defeating them that the mortgages and the sale complained of were made.

On the merits, we concur fully with the court below. The evidence in support of the plaintiff's allegations is as full and satisfactory as can be desired ; and the conduct of *Presas* throughout those transactions cannot be too severely censured. *Judgment affirmed.*