## TURNER v. LUCKETT.

A judgment obtained against a party on the ground of his illegal interference with the administration of plaintiff's property while the latter was a minor, which allowed a tacit mortgage on the property of the party against whom it was rendered from the date of the interference, not alleged to have been obtained by fraud or collusion, will be *primâ facie* evidence, that the sum claimed was due and that it was secured by a tacit mortgage, in an action against a third person to enforce its execution on property held by the latter, alleged to have been acquired from the defendant in the first suit while subject to the tacit encumbrance recognised by the judgment obtained against him. But where the rate of interest allowed by the original judgment is higher than the law authorises, the judgment will be enforced against the property in the hands of the third possessor only for the amount for which it should have been rendered.

APPEAL from the District Court of Rapides, *Cushman*, J. *Waddell* and *Edelen*, for the plaintiff. *Flint* and *Harris*, for the appellant. The judgment of the court was pronounced by

KING, J. The plaintiff obtained a judgment against *Crain*, for $996, with ten per cent interest from the 28th of December, 1839. The indebtedness of *Crain* arose from his interference in the administration of the plaintiff's property while the latter was a minor, without having been appointed his tutor or curator. The judgment recognised a tacit mortgage on the property of *Crain*, resulting from his acts of unauthorised administration, to take effect from the date of the illegal interference. The object of the present suit is to enforce that judgment upon property of the defendant, *Luckett*, which it is alleged was subject to the tacit encumbrance in the hands of *Crain*, its former owner. A judgment was rendered in favor of the plaintiff, from which the defendant has appealed.

Several bills of exception were taken on the trial below, to opinions of the judge admitting the testimony of witnesses to prove *Crain's* acts of unauthorised interference, and to connect the plaintiff's claim with those acts. It does not become important to enquire whether those objections be well founded or not, as, in our opinion, the plaintiff has sufficiently established his right by other evidence. The action is based on the judgment obtained against *Crain*. That judgment is in evidence. There is no allegation that it was obtained by fraud or collusion, and, while it remained unquestioned, it formed such *primâ facie* evidence that the sum claimed was due, and that it was secured by a tacit mortgage on the property of *Crain*, as dispensed the plaintiff from the production of other testimony. 17 La. 205. 4 Rob. 335.

It is shown that the property of the defendant, on which the judgment is sought to be enforced, formerly belonged to *Crain*, and that, while he was the owner, the tacit mortgage resulting from his acts of illegal administration attached. C. C. 3283. 8 Mart. N. S. 367.

The defendant, as third possessor, can only be made answerable for five per cent interest, which is the highest rate that the plaintiff could have claimed from *Crain*, in the absence of an express agreement. In this respect the judgment must be corrected.

It is therefore ordered that so much of the judgment of the court below as decrees that the defendant pay ten per cent interest on the amount thereof, be

TURNER
v.
LUCKETT.

:reversed. It is further ordered .that the plaintiff recover five per cent interest on the amount of said judgment, from the 28th day of December, 1839; and, in other respects, that said judgment be affirmed ;.the appellee paying the costs of .this appeal.