INTERCITY EXPRESS LINES, Inc., v.
LITCHFIELD (GUARISCO,
Intervener). *

No. 1712.

Court of Appeal of Louisiana.
First Circuit.
May 6, 1937.

C. A. Blanchard, of Donaldsonville, for appellant.

Wise & Wise, of Morgan City, for appellee.

DORE, Judge.

On December 7, 1934, plaintiff filed a suit against defendant Litchfield for damages to one of its trucks in the amount of $538.54, caused by a Ford car owned and

*Rehearing denied June 9, 1937.

driven by said defendant. As the defendant was a nonresident of the state, plaintiff secured an attachment under which the Ford car was seized.

On April 23, 1935, a judgment was rendered in favor of plaintiff for the amount claimed in rem against the attached automobile, and the attachment was sustained, recognizing the lien and privilege of plaintiff on the attached property resulting from the attachment, and ordering the property sold according to law.

On January 15, 1935, Leon Guarisco, the third opponent, filed a separate suit against Litchfield for $203.45, being the amount due third opponent for material and parts furnished and labor done in repairing said Ford automobile. A lien and privilege on the automobile repaired was claimed in the suit and a provisional seizure issued under which the car was again seized. On March 29, 1935, third opponent obtained a judgment in rem for the amount of his claim with recognition of his lien and privilege on the car for the repairs in accordance with Act No. 209 of 1926.

Third opponent had execution to issue on his judgment and the car was advertised for sale, whereupon plaintiff, which had in the meantime secured a judgment on its claim for damages as heretofore stated, instituted a separate suit against third opponent to have his judgment annulled on certain alleged grounds and also to enjoin the sale of the property under the alleged void judgment. From an adverse judgment, plaintiff took an appeal to this court where the judgment was affirmed in so far as it maintained the validity of third opponent's judgment against the car and recognized a lien and privilege thereon in his favor for the repairs made. See Inter City Express Lines v. Guarisco, 165 So. 727.

Plaintiff then caused a writ of fi. fa. to issue on its judgment and had the automobile seized and advertised for sale. Third opponent filed this intervention and third opposition in plaintiff's suit against Litchfield and claimed to be paid by preference and priority over plaintiff out of the proceeds of the sale of the car on the ground that his judgment and lien and privilege on the car for repairs recognized therein primed the lien and privilege in favor of plaintiff resulting from the attachment of the car on its claim for damages. The claim of third opponent was sustained and the sheriff was ordered to pay the amount of

third opponent's judgment out of the proceeds of the sale of the car by preference and priority over the judgment of plaintiff. From this judgment, plaintiff has appealed.

In answer to the intervention and third opposition, plaintiff sets up the pendency of its action against third opponent for the nullity of his judgment and specially pleaded the nullity as an estoppel against the intervention and third opposition and denied that opponent had a valid judgment or a valid lien and privilege recognized by judgment.

On the trial of the intervention and third opposition, the only testimony offered was that offered by third opponent which consisted of the judgment, together with the petition and documents attached, in the suit of third opponent against Litchfield wherein the lien and privilege for the repairs was recognized; also the judgment rendered in the suit of plaintiff against third opponent wherein third opponent's judgment against Litchfield and the seized car was attacked by plaintiff, but upheld by the court; and, also, the judgment in favor of plaintiff against the absent defendant wherein plaintiff secured judgment for damages with the maintenance of the writ of attachment.

Plaintiff objected to the offering of the judgment and petition in third opponent's suit against Litchfield on the ground that it was not a party to said suit and could not be bound thereby, and for the further reason that third opponent does not derive any lien or privilege from the judgment. Objection was made to the offering of the judgment in the suit of plaintiff against opponent attacking the judgment wherein the lien of opponent was upheld. This objection was based on the ground that the judgment was not then final, but since that time the judgment has become final and plaintiff is no longer urging the objection on that ground.

Counsel for plaintiff relies for a reversal of the judgment appealed from entirely on his objection to the admissibility of the judgment and petition with annexed documents in the suit of third opponent against Litchfield, and the resulting lack of proof to support the preference and priority claimed by third opponent.

A judgment which decrees the existence of a debt and recognizes a lien and privilege on property of the debtor for the payment of the debt makes prima facie proof against a third party where the judgment is sought to be enforced on the property in which such third person has acquired an interest; but the third person is not precluded by such judgment from making an attack upon its legality or fraud in its procurement. Lanata v. Planas et al., 2 La.Ann. 544; Turner v. Luckett, 2 La.Ann. 885. The plaintiff in its answer to the intervention and third opposition does not allege any fraud or collusion in the procurement of the judgment on which third opponent relies as a basis for his prior lien and privilege on the car, but, on the contrary, pleads an estoppel arising from an unsuccessful attack made by it on the legality of third opponent's judgment. It is true that plaintiff denies that third opponent has a valid judgment or that he has a valid lien and privilege on the car, but it failed to offer any proof to show that the lien and privilege of third opponent was invalid and not based on sufficient evidence.

The judgment offered by third opponent in his favor made out a prima facie case in support of his prior lien and privilege. It was not necessary for him to bring forward again all the evidence on which his judgment was based, otherwise it would be necessary for a person to produce over and over again all the testimony on which his judgment is based when enforcing that judgment and the rights created thereunder where a third person is affected. It is for that reason that the judgment makes a prima facie proof against a third person, and it is incumbent on such person to allege and prove that the debt and privilege recognized by the judgment were not due or legal. If the plaintiff had offered proof that third opponent did not have a just claim for repairs on the car by the same kind of evidence that the defendant Litchfield could have used in defense of the suit, it would then have been necessary for third opponent to produce evidence to support the judgment.

The lien and privilege recognized by the judgment in favor of third opponent for repairs on the automobile was created by the law, Act No. 209 of 1926, and rested on the property before it was attached in plaintiff's suit on an ordinary claim for damages. The privilege resulting from an attachment is subordinate to the privilege existing on the article and created thereon by law. Such a privilege is not affected by the attachment of the property. See Erman & Cahn v. Lehman, 47 La.Ann. 1651, 18 So. 650.

For these reasons, the judgment appealed from is correct and is hereby affirmed.