This suit involves a determination of claims and the ranking of privileges and liens with respect to an automobile belonging to the defendant, a nonresident of the State of Louisiana. The facts are clearly reflected by the record and are undisputed.
Plaintiffs are husband and wife. The wife and children were injured and plaintiffs' automobile damaged in a collision with the automobile of defendant, which occurred in Natchitoches, Louisiana, on November 22, 1945. On November 29, 1945, plaintiffs filed suit against defendant and attached defendant's automobile. Defendant did not contest the suit and on January 17, 1946, default was confirmed and judgment rendered in favor of plaintiffs, which judgment, in addition to allowing damages in the sum of $2,500.00, maintained the writ of attachment against defendant's automobile, and ordered the recognition and enforcement of the lien and privilege resulting therefrom.
By petition filed February 23, 1946, the Pacific Finance Corporation intervened in the suit as third opponent, claiming a lien or chattel mortgage on defendant's automobile by reason of a regularly and validly executed and recorded contract of conditional sale under the laws of the State of Texas, and prayed for the recognition of the lien arising therefrom as a first privilege on the automobile.
By petition filed June 8, 1946, H.A. Bowie, the owner and operator of the Bowie Motor Company of Natchitoches, Louisiana, intervened in the suit claiming *Page 297 
a lien and privilege under the provisions of Act 209 of 1926, by reason of repairs made, parts furnished, and labor performed to and on the automobile of defendant. Seizure of the automobile was effected under writs of provisional seizure, and plaintiff prayed that his mechanic's lien and privilege be recognized and maintained, and that he be paid out of the proceeds of the sale of the automobile by preference and priority over all other persons.
After trial there was judgment recognizing the lien and privilege of the Pacific Finance Corporation, denying the lien claims of the intervenor Bowie, and ordering distribution of the proceeds of sale of the automobile to be made first, by payment of the balance due the Pacific Finance Corporation, and the remainder to plaintiffs. From this judgment the intervenor Bowie prosecutes this appeal.
The claim of the Pacific Finance Corporation was originally asserted in the principal sum of $817.92, but this amount was reduced, by reason of the payment of the sum of $490.93 by the liability insurer of defendant's automobile, to the sum of $326.99. The amount claimed by intervenor Bowie on his repair bill was $540.93, and it therefore follows that the payment made by the insurer to the Pacific Finance Corporation was based upon this amount and represented payment of the sum due by the insurer under the provisions of a $50.00 deductible insurance policy.
Other pertinent facts in connection with the consideration of this matter are that the sheriff, authorized by counsel for plaintiffs, changed the custodian of the automobile under attachment from the Natchitoches Motor Company to the Bowie Motor Company; that Bowie was authorized to undertake the necessary repairs upon the automobile by the adjuster for the liability insurer, but not by either the defendant, owner of the automobile, nor the plaintiffs; that counsel for plaintiffs twice requested the sheriff to postpone the date of sale of the automobile on the ground that the repairs had not been completed; that the automobile was sold by the sheriff on June 8, 1946, to Rosa Mahfouz, one of the plaintiffs, for the sum of $900.00, which was retained by the sheriff pending determinatio of the conflicting claims asserted herein.
Before this court the claims of the intervenor Bowie have been strenuously opposed by counsel for plaintiffs on the grounds hereinafter set forth. On the other hand, the intervenor, Pacific Finance Corporation, has urged the recognition of the garageman's lien, unquestionably influenced in this respect by the very practical consideration that unless this lien is recognized and asserted against the automobile the. Pacific Finance Corporation may at some subsequent date be called upon by the claimant Bowie for the amount paid it directly by the liability insurer.
The grounds of plaintiffs' opposition to the recognition of the lien claimed by intervenor, Bowie, may be briefly stated as follows:
(1). That at the time of the making of the repairs Bowie was the possessor of the automobile in the capacity of legal custodian and keeper appointed by the sheriff, and well knew that plaintiffs' writs of attachment and the consequent lien and privilege resulting therefrom had been recognized by proper judgment of the court.
(2). That the repairs were not authorized by the owner, possessor or operator of the automobile under the provisions of the statute.
(3). That plaintiffs' lien arising from the judgment in their favor attached before the repairs were begun and consequently ranked the lien and privilege asserted by Bowie under the provisions of the Act of 1926.
[1] We do not find that the proposition first above enumerated is tenable. There was nothing inconsistent in the undertaking of the repair of the automobile with the duties and obligations of a keeper or custodian. As to the effect of a intervenor's knowledge of the existence of a judgment in favor of plaintiffs, this is a matter that is concerned entirely with the ranking of the respective lien and privilege claims, which is the question now before the court for determination.
[2] As for plaintiffs' second contention, we are convinced that this argument is made in error or by reason of a misunderstanding *Page 298 
of the provisions of. Act 209 of 1926. Careful reading of the statute does not disclose any requirement necessitating the authorization of repairs by the owner, possessor or operator of a vehicle. The only portion of the Act employing the phraseology "owner, possessor or operator" is in connection with the provision that the repairman's lien shall attach even in those instances where the parts for necessary repairs are attached "by the owner, possessor or operator of such automobile, truck or machine".
Since, therefore, the Act does not require that the repairs be authorized or ordered by the owner, possessor or operator, we cannot consider that this ground of opposition is entitled to be maintained. And, further, under the facts in this case it appears that Bowie was properly authorized to proceed with the repairs. While it may be true, as contended by distinguished counsel for plaintiffs, that Bowie originally looked to the Pacific Finance Corporation for the payment of his account, this is a fact that does not enter into the consideration of the matter at issue, and, in our opinion, has no bearing upon the question of the ranking and enforcement of the statutory lien under the provisions of the Act.
A plea of estoppel was filed in this court by appellant directed at the defense of failure of authorization. Since we have disposed of this point as above set forth it is not necessary to pass on this plea.
The sole question remaining, and the one which we regard as determinative of the issues, is comprehended in plaintiffs' opposition to the recognition of the intervenor, Bowie's, lien on the ground that such lien is subordinate to the rights of plaintiffs arising from the judgment maintaining the writs of attachment.
We feel that this point must be resolved in accordance with the wording of the statute itself. After providing the conditions under which the garageman's lien shall attach, the Act proceeds to set out the nature of the lien and privilege, as follows: "and shall be entitled to enforce such lien and privilege by the writ of provisional seizure; provided, that this lien and privilege shall have no effect against the vendor's lien or privilege, chattel mortgage previously recorded or against a bona fide purchaser of such automobile, truck or machine to whom possession of same has been delivered and for which the purchase price has been paid, without previous notice to such purchaser of the existence of such lien and privilege."
It is to be observed that the Act with particularity excepts from the effect of the enforcement of the lien granted, only three preferred classes, namely, (1) the holder of a vendor's lien or privilege, (2) the holder of a chattel mortgage previously recorded, and (3) a bona fide purchaser.
We find no authorities which serve as a guide in the solution of this question. Counsel for intervenor, Bowie, argues the applicability of the holding in Intercity Express Lines v. Litchfield, La. App., 174 So. 149, but, in view of the fact that the lien and privilege under Act 209 of 1926, under the facts in such case, rested on the property prior to the attachment by plaintiff under a claim for damages, we cannot consider the pronouncement in this case to be pertinent under the facts herein, where exactly the opposite proposition is true.
While we concede that there is much strength in plaintiffs' claim to a superior lien and privilege under their judgment, we are confronted with the fact that at the time of the rendering of this judgment on the 17th of January, 1946, the intervenor had not begun his work, the repairs not even being authorized until instructions were received from the representative of the liability insurer on January 29, 1946. Certainly, intervenor could have had no lien until he made the repairs, and unless plaintiffs' claims prime the intervenor's statutory privilege under the provisions of the Act itself, it must follow that intervenor's claims are entitled to recognition and enforcement.
[3] In view of the fact that the Act itself declares that the lien described thereunder shall rank all others, except with respect to three definitely named classes, we must hold that it is the intention of the Act to rank such lien ahead of all other preferred claims. *Page 299 
[4] The effect of our interpretation of the principle of law applicable to this case is strengthened by an appreciation of the equities involved under the peculiar facts of this matter. Certainly, if the liability insurer had paid the intervenor, Bowie, rather than the finance corporation, the claim of the finance corporation would exhaust the proceeds of the sale and plaintiffs would take nothing therefrom. And, it is further true that plaintiffs themselves, by counsel, chose to postpone the actual sale of the automobile until after the repairs had been completed. It is further true that plaintiffs, the purchasers of the automobile at sheriff's sale, have received the full benefit of the repairs actually effected. To our minds it would be most inequitable if plaintiffs should be permitted to retain and enjoy the benefits of the work of intervenor, Bowie, to his corresponding detriment.
It is urged by counsel for plaintiffs, in connection with his argument on the authorization of repairs, that the operator of a garage might make unnecessary, costly and expensive repairs to a vehicle and maintain his lien at the cost of other claimants. We do not find this argument to be persuasive in view of the fact that any claimant has not only the right but the opportunity to contest the necessity for the nature of the repairs actually made, as well as the correctness of the charges therefor. And, certainly, in this case no objection has been raised by any party at interest on either of these counts.
For the reasons assigned, the judgment appealed from is reversed, annuled and set aside, and it is now:
Ordered, adjudged and decreed that Earl Morris, Sheriff of Natchitoches Parish, Louisiana, pay over to the Pacific Finance Corporation, intervenor, the sum of $326.99, together with 15% thereon as attorney's fees.
It is further ordered, adjudged and decreed that the said Sheriff shall pay to Howard A. Bowie, intervenor, the sum of $540.93, or so much thereof as may remain in his hands.
It is further ordered that all costs be paid out of the mass before distribution of the amount in the hands of the sheriff be made in accordance with the above decrees.
All costs of this appeal shall be borne by plaintiffs.