KENNON, Judge.
Plaintiff filed thi-s suit against Gordon Butler and Mrs. Bertie Butler,- his wife, to recover the sum of -$175.11 for labor, materials and parts expended in the repair of a 1928 Ford Roadster. The petition alleges that Mrs. Butler authorized the repairs to be made -and that -Gordon Butler either authorized -her to order the work done, or that he authorized the repairs upon learning that sa-me were in process. Alternatively, plaintiff asked for recovery -against Gordon Butler on a quantum meruit basis.
The petition further set forth that plaintiff was entitled to a lien and privilege on the automobile under Act No. 209 of 1926 and prayed for judgment recognizing thi-s lien.
Defendant, Gordon Butler, denied that he ■had authorized the repairs on the automobile or was indebted to plaintiff, -setting forth that he had lived -separate and apart from Mrs. Bertie Butler since December 3, 1948; that a suit for divorce was pending between them i-n the Caddo Parish District Court, and prayed that plaintiff’s demands be rejected.
Mrs. -Bertie Butler made no appearance.
The District Court rendered judgment in favor of plaintiff and against both defendants, in -solido, with recognition of plaintiff’s garageman’s lien and privilege under Act No. 209 of 1926. From this judgment, Gordon Butler appealed.
*914 He also -prosecuted an appeal to this Court from a suit he had filed against the plaintiff asking the restoration of his automobile without payment of the repair bill, and in which the City Court rendered judgment rejecting 'hi-s demands, being case No. 7447 on the docket of this Court. The two cases were consolidated for trial in the City Court of Shreveport, Louisiana, Ward 4, and -our opinion in this case applies to the companion case, in which a separate decree has been this -day handed down. Butler v. Andress Motor Co., La.App., 43 So.2d 915.
On November 16, 1928, Gordon Butler purchased and paid for a Model A Ford Roadster, which is the subject of -controversy. In August, 1941, he was married to the co-defendant herein. On December 3, 1948, he left the matrimonial domicile and filed suit for separation from bed and board. Either this suit, or one with -similar objective filed by his wife, is now -pending between the parties in the Caddo Parish District Court.
The Ford Roadster owned by Gordon Butler was in the possession of Mrs. Butler in April, 1949, when it was damaged by a truck owned by a tire -service company in Marshall, Texas, which was insured by the Employers Casualty Company. Mr-s. Butler requested the Andre'ss Motor Company to make an estimate on the -cost of repairing the Ford Roadster. A -company representative suggested that the estimate could be better made if the -car were brought to the Andress Motor Company shop. This was done, and Mrs. Butler authorized the Andress Motor Company to make the necessary repairs: The re-cord shows that the repairs were made and that $175.11 represents a fair value for the work done and materials furnished.
While the work was in progress, Mr. Gordon Butler came to the shop of the An-dress Motor Company and asked if his car was there. Upon being informed that it was and that work was being d-one upon it, he asked to -see the car and after looking it over, he thanked the shop foreman and left the -premises, making no comment a-s to whether or not the authorization for repairs had been made with or without his knowledge, and without giving any instructions to discontinue or complete the repairs then i-n progress.
Act No. 209 of 1926 provides in part that -any person -making repairs or furnishing parts for an automobile shall have a lien an-d privilege on the vehicle so repaired, both for the parts furnished and ■for the labor performed, for a period of ninety days to run from the last day the repairs are made or -parts furnished. This Court, in the case of Mahfouz, et ux. v. Yawn (Pacific Finance Corporation, et al., Intervenors), 31 So.2d 295, held that this Act does not require that the repairs be specifically authorized by the owner. There, as in the -ca'se before us, the garage-man received an authorization in the regular course -of business from one apparently -clothed with authority to do so.
The record before us discloses that Gordon Butler knew that the automobile was in his wife’s possession and was -being used by her for her purposes. Plaintiff, the Andress Motor Company, In-c., in making the repairs, -acted in good faith and began the repairs in the normal -course of business. Butler himself, during the -course of the repair work, inspected the automobile as it stood in plaintiff’s repair -shop and made no -complaint that the repairs were without his authorization. Under these -circumstances, we hold that the Andress Motor Company, which filed the present suit within the 'statutory -period, is entitled to the enforcement of its lien and privilege.
Since the record does not sufficiently establish that there was a personal authorization of the repair bill -by Gordon Butler, the personal judgment against him should not stand.
For the reasons assigned, the judgment appealed from is reversed insofar as it holds Gordon Butler personally liable. The judgment appealed from is affirmed in all -other respects, and particularly inasmuch as it recognizes the lien -and privilege of the Andress Motor Company, In-c., under Act No. 209 of 1926, upon the automobile seized. Costs of appeal to be paid by An-dress Motor Company, Inc. The defendants are cast in solido for all other costs.