CHASEZ, Judge.
Relator the Collector of Revenue and Motor Vehicle Commissioner for the State of Louisiana, applied to this court for writs of prohibition and certiorari, based upon a judgment overruling his declinatory exception to the jurisdiction of the Civil District Court of the Parish of Orleans to hear a mandamus proceeding in which relator was named defendant. We granted the writ ordering the trial court to show cause why the exception of venue urged by the Collector of Revenue should not be maintained.
Plaintiff-respondent, William E. Turner D/B/A Skyway Motors, filed this suit in Orleans Parish to compel the Collector of Revenue, in his capacity as Motor Vehicle Commissioner, to issue a certificate of title on an automobile. The relator’s exception to venue is based on the assertion that he is domiciled in the Parish of East Baton Rouge; therefore, an action brought in any other parish is subject to an exception of improper venue because the district court lacks jurisdiction ratione personae.
Under LSA-R.S. 32:702(4), the legislature has stated that the Collector of Revenue is also the Motor Vehicle Commissioner, charged with administering the Certificate of Title Law. (LSA-R.S. 32:701 et seq.)
In urging that he is not amenable to suit in Orleans Parish, the Commissioner relies on the Supreme Court decision in Blaize v. Hayes, 204 La. 263, 15 So.2d 217 (1943). It unequivocably stated the domicile of the Collector of Revenue is East Baton Rouge Parish and this is the only place where suit can properly be brought against him. That case involved a dispute between the Sheriff of Plaquemine Parish and the Collector of Revenue. In upholding the jurisdiction of the East Baton Rouge Parish district court to hear the matter the Supreme Court stated in part:
“[8,9] The opponents in this proceeding contend that the district court in Baton Rouge did not have jurisdiction to decide the case, and that the district court in Plaquemines Parish is the only court that had original jurisdiction. The reason why the suit was brought properly in Baton Rouge is that both of the defendants have their official domicile in the Parish of East Baton Rouge. They contested the title to the office of Tax Collector. No one else was disputing Blaize’s title to the office of sheriff, except the coroner of the Parish of Plaquemines, who claimed only such authority as came to him by virtue of Section 71 of Article VII of the Constitution. Under that section he had no color of title to the office of sheriff, but merely performed the duties pertaining to the office of sheriff until a successor to the late sheriff was appointed. The coroner is not a party to this suit. It may be conceded that if Blaize had seen fit to sue the coroner, the place in which to institute the suit would have been in Plaquemines Parish. But, as the provisions of Section 71 of Article VII of the Constitution did not invest the coroner with any title or color of right to the office of sheriff or tax collector of the Parish of Plaquemines, there is no good reason why Blaize should have sued the coroner to have it judicially declared that the appointment of Blaize to the office of sheriff and ex officio tax collector was a valid appointment. And there is no doubt that, as Blaise had the right to bring this suit against the Supervisor of Public Funds and the Collector of Revenue, to test the title to the office of tax collector, the only parish in which the suit could have been instituted against them is the Parish of East Baton Rouge.” (Emphasis supplied)
Counsel for plaintiff contends however, that LSA-R.S. 32:703, enacted seven years after the Blaize decision, authorizes the Collector, in his capacity as Motor Vehicle Commissioner to establish offices in Baton Rouge and other places in the state where *303 he deems it necessary. That section provides :
“The vehicle commissioner shall maintain an office in the State Capitol at Baton Rouge and such other places in this state as he shall deem necessary, to properly carry out the provisions of this Chapter. The custodian of the capitol building shall provide therein adequate quarters for the offices and records of the vehicle commissioner. Acts 1950, No. 342, § 6.”
Plaintiff concludes from this that the Collector of Revenue is conducting business in every parish where an office for motor vehicle registration is established; therefore, for the purposes of litigation, he may be sued in any parish court where such an office is maintained.
 We do not agree that the quoted section by implication confers multiple domiciles on the Collector, in view of the fact that it clearly indicates all records of the Commissioner are to be kept in the capitol building in Baton Rouge. A reading of the Vehicle Certificate of Title Act reflects it was passed to create administrative machinery for control of the sale and mortgage of vehicles required to be registered and licensed under the Louisiana Vehicle Registration License Tax Law. In essence, the act requires a dealer or individual selling an automobile to deliver to the purchaser a certificate of title issued by the commissioner, "with a record of the sale showing title in the purchaser. The act, to protect the purchaser from acquiring stolen property and to assure the validity of the chattel mortgage as a security device to the lender, provides that all records of transfers and mortgages must be kept in one central office, where certificates of title are issued. We, therefore, conclude the act provided for branch offices to facilitate the public in applying for certificates of title, but did not have the effect of changing the domicile of the Collector of Revenue from East Baton Rouge Parish.
The argument urged by plaintiff herein could also have been made in the Blaize case, because the Collector of Revenue operates offices in every parish throughout the State through the civil sheriff, who is ex-officio tax collector for the State with authority to collect taxes for the State in his own parish.
For the reasons assigned, the judgment of the District Court is annulled; the writs issued by this Court staying further proceedings in this matter are made peremptory; the plea of the relator to the jurisdiction ratione personae of the Civil District Court for the Parish of Orleans are maintained and the plaintiff’s suit is dismissed at his cost.
Judgment annulled; writs made peremptory; exception to jurisdiction maintained.