443 So.2d 1 (1983)
ST. TAMMANY PARISH COUNCIL
v.
James H. "Jim" BROWN, Secretary of State, State of Louisiana.
No. 83 CA 1096.
Court of Appeal of Louisiana, First Circuit.
October 7, 1983.
James R. Jenkins, Covington, for plaintiff, appellee.
Cynthia D. Young and David G. Sanders, Baton Rouge, for defendant, appellant.
Before COVINGTON, LOTTINGER, COLE, WATKINS and SHORTESS, JJ.
COVINGTON, Judge.
The defendant suspensively appealed from a judgment, pursuant to mandamus proceedings, directing and ordering him to place on the October 22, 1983, ballot for St. Tammany Parish, a proposition to be voted upon regarding a possible Real Estate Transfer Fee as contained in Resolution Council Series No. 83-1571-A as amended by Resolution Council Series No. 83-1589. As thus amended, the ballot would allow the Parish to impose and levy a real estate transfer fee of $100.00 for each recorded transaction in the Parish "wherein the whole or an interest in any improved or unimproved real (immovable) property in the Parish is acquired, with the proceeds of said fee to be dedicated and used for the general operations" of the Parish.
Defendant filed exceptions of venue, prematurity and prescription, all of which were overruled by the court. Hearing was held on September 20 and the judgment was signed on September 21.
Initially, let it be said that although we do not agree with the trial court's opinion that this is an election contest suit within the intendment of LSA-R.S. 18:1401 et seq., and therefore the time provision of Section 1409 of the Election Code is inapplicable, this is a matter where a subdivision of the state is involved and is deserving of special assignment under Rule 2-11.2, Uniform Rules of the Courts of Appeal, which we have granted.
Having voiced the above, we find that the trial court erred in overruling the exception of venue. We maintain the exception. The Secretary of State must be sued at his official domicile, East Baton Rouge Parish. LSA-C.C.P. art. 42(1); *2 Langlois v. Lancaster, 217 La. 995, 47 So.2d 795 (1950).
The court's judgment overruling the exception of venue is reversed, and plaintiff's suit is dismissed at its cost in the amount of $146.50.
REVERSED, AND SUIT DISMISSED.
SHORTESS, J., concurs and assigns reasons.
LOTTINGER, J., concurs for the reasons assigned by SHORTESS, J.
SHORTESS, Judge, concurring.
The proposition in question states that the proceeds of the fee are to be dedicated and used for the general operation of the Parish. Audubon Ins. Co. v. Barnard, 434 So.2d 1072 (La.1983), held that if revenue is the primary purpose of an assessment, it will be held to be a tax. It was a tax, and the approval of the State Bond Commission should have been obtained. La.R.S. 47:1803, 1804. The exception of prematurity should have been maintained.