DUFRESNE, Judge.
This is an appeal by James H. Brown, the Louisiana Secretary of State, defendant-appellant, from issuance of a Writ of Mandamus ordering him to place on a ballot a School Board referendum in St. John the Baptist Parish. This writ was sought by Wilhemina Armour, plaintiff-appellee.
This litigation grows out of a strike by school teachers and employees in St. John Parish during September and October, 1984. During negotiations between the Board and the strikers, the question of recognition of a bargaining agent was the most serious impediment to resolving the strike. The Board refused to bargain collectively with any agent of the strikers, and the strikers refused to return to work without such bargaining.
This impasse was finally resolved and the strike ended on October 9, 1984, by a written agreement between the Board and each individual striking employee.
That agreement states, inter alia, that the Board:
... guarantees to all its employees:

2. A public referendum to determine recognition of a union representing school employees for collective bargaining to be held on January 15th.
The date of the referendum was subsequently amended by agreement of all parties to January 19. The agreement further provides that the referendum ballot is to state:
Shall the St. John the Baptist Parish School Board recognize and collectively bargain with a union/organization to be chosen in a secret ballot election ratified by a majority of all certified and non-certified employees of the St. John the Baptist Parish School Board.
In compliance with this agreement, the Board duly notified the Secretary of State of this referendum.
Upon receipt of notice, the Secretary informed the attorney for both Wilhemina Armour, an employee of the School Board, and the St. John Association of Educators, the employee organization seeking recognition as bargaining agent, that in his opinion the referendum was not authorized by law, and that he would not place it on the ballot unless so ordered by a court.
Armour thereupon brought suit individually as a Board employee, and also as president of the Association, against the Secretary and the Board. In that suit she sought court resolution of the legality of the referendum, and prayed that a writ of mandamus or in the alternative a mandatory injunction issue to have the matter placed on the ballot.
After trial on the merits the court rendered judgment in favor of Armour, as an individual employee of the Board, and issued a writ of mandamus directing the Secretary to place the referendum on the ballot. In his reasons for judgment he stated that he found the referendum to be one not prohibited by law, and not a “straw vote”. He further ordered that the parties defendant take no further steps to impede the election process.
The Attorney General now appeals on behalf of the Secretary of State and urges three errors on the part of the trial court:
1. The exception of improper venue as to the Secretary of State was improperly denied.
2. The referendum should not have been ordered placed on the ballot because it is not authorized by law and is a “straw vote”.
3. The writ of mandamus was improperly issued.
The first allegation is that venue in St. John Parish was improper as to the Secretary of State under Code Civ.Pro. art. 42(1). We disagree. Under La.R.S. 18:1300(C), venue is proper as to the Secretary in the parish where a referendum has been called, whenever an elector of that parish seeks to enjoin his placing of such a referendum on the ballot. Similarily La. R.S. 18:1404(B) provides that venue in actions contesting the outcome of an election *1271 on a local proposition lies in the parish where the authority calling the election is domiciled. Moreover, La.R.S. 18:1402(C) makes the Secretary of State an indispensible party to any action contesting an election for public office where his ministerial duties are involved, thus clearly subjecting him to the venue provisions of Sec. 1404. Finally, we note that venue was proper as to the St. John School Board, a party defendant, and Article 73 of the Code of Civil Procedure subjects joint obligors to any venue which is proper as to any one of them. Construing these venue provisions together we conclude that venue as to the Secretary of State was proper in St. John Parish in this case.
We are aware of the decision of St. Tammany Parish Council v. Brown, 443 So.2d 1 (La.App. 1st Cir.1983), but find that case distinguishable. First, it was not a suit by an elector so as to be within the provisions of La.R.S. 18:1300(C), and second, there was no other party defendant to whom venue was proper so as to establish venue over the Secretary of State under Code Civ.Pro. art. 73 and La.R.S. 18:1402 and 1404.
The next assertion by the Attorney General is that the referendum at issue here cannot be placed on the ballot because 1) it is not authorized by law, and 2) the result would be meaningless because not binding. We disagree.
The first of these propositions relies in part on amended La.R.S. 18:1299 (effective December 4, 1984), which permits only propositions or questions specifically authorized by the State Constitution, state statutes or home rule charters to be placed on the ballot. However, as the agreement between the Board and employees was reached on October 9, 1984, prior to the effective date of the amendment, we hold that Sec. 1299, prior to its amendment is applicable here, La. Civ. Code, art. 8. That prior statute simply stated that:
The provisions of this Chapter provide the procedures to be used in elections at which a proposition or question, except those provided for in Chapter 6-A of this Code [bond and tax elections], shall be submitted to the voters.
We are faced with the question, then, of what constitutes a “proposition or question” which can be placed on the ballot under this statute. No party has cited, and we cannot find, any jurisprudence which has resolved this question in the context of facts similar to those before us. The Attorney General has provided a number of his opinions interpreting the statute, but we do not find them persuasive here.
The language of those opinions suggested two impediments to placing the propositions considered on the ballot: a) they were not authorized by any specific law, and b) they would have been “straw votes”. While we agree with the latter principle, we further determine that the former is not a distinct requirement, but rather an essential element of the “straw vote” concept itself. A “straw vote” is a futile exercise because its result is not legally enforceable. Our review of the two general types of propositions considered in the above opinions reveals that the impossibility of enforcement resulted from the absence of any law or legal mechanism permitting enforcement. In the first type, the result of the referendum would not have been binding on the authority which placed it on the ballot. In the second type, the propositions dealt with matters which the authority could not enact because lying beyond its statutory grant of powers. We conclude then, that the essential inquiry is not whether there is any specific statutory authorization for a proposition under the prior law, but rather whether the result of the referendum is enforceable against the authority in a court of law.
In this case, neither of the above types of problems is presented. First, the Board has bound itself contractually to call this referendum and abide by its result, and the validity of this contract has not been brought into question. The employees thus have available legal means to enforce the result against the Board if necessary. Second, it is not contested that recognition of a bargaining agent lies within *1272 the statutory powers of the Board. We therefore agree with the conclusion of the trial court that there is no legal impediment to this proposition, that it is not a “straw vote” and that it may properly be placed on the ballot, and we so hold.
The final argument by the Attorney General is that the use of extraordinary mandamus proceedings was improper because the ministerial duty of the Secretary of State was not clearly defined. With this proposition we agree. However, Armour sought in the alternative a mandatory injunction. Although trial in the matter was held without the ordinary delays permitted in injunctive actions, the Attorney General has made no allegation that his case was prejudiced thereby.
DECREE
Accordingly, for the foregoing reasons we vacate the writ of mandamus, and issue instead a mandatory injunction directing the Secretary of State to place the referendum at issue here on the ballot in accordance with applicable law.
AFFIRMED IN PART, VACATED IN PART, AND RENDERED.