545 So.2d 719 (1989)
Robert C. FERRINGTON, et al., Plaintiffs-Appellees,
v.
Virginia VAN SICKLE in her Capacity as Secretary of the Department of Wildlife and Fisheries, State of Louisiana, Defendant-Appellant.
No. 20577-CA.
Court of Appeal of Louisiana, Second Circuit.
June 14, 1989.
*720 Donald E. Puckett, Baton Rouge, for defendant-appellant.
James M. Stephens, Winnsboro, for plaintiffs-appellees.
Before MARVIN, LINDSAY and HIGHTOWER, JJ.
MARVIN, Judge.
The sole issue presented is the proper venue to mandamus the Secretary of the Department of Wildlife and Fisheries to issue each of the plaintiff-fish farmers a permit to engage in the propagation and production of "big-head and grass carp in polyculture with channel catfish" under LRS 56:412.
Plaintiffs filed the action in Franklin Parish where they have ponds. Contending that the proper venue for mandamus was at the domicile of the Department, the State excepted to Franklin Parish venue. The trial court overruled the exception. We reverse and render judgment sustaining the exception and ordering the action transferred to East Baton Rouge Parish. LRS 13:5104(A).
THE CAUSE OF ACTION
The petition of plaintiffs expressly alleges that plaintiffs are "entitled to ... the [permits] in light of the fact that La.R.S. 56:412 ... states that the Secretary SHALL issue said certificate upon application and payment of the required fees." Plaintiffs pray for "an alternative writ directing [the secretary] to issue ... the certificates... or show cause ... why she should not be required to perform her ministerial duty."
Mandamus will issue only where there is a clear and specific right to be enforced or a duty which ought to be performed. It never issues in doubtful cases. It may be used only to compel the performance of purely ministerial acts. Comment b, CCP Art. 3863.
The cause of action asserted by plaintiffs cannot be construed as an action for damages arising out of an offense or quasi-offense, or as an action that asserts either an interest or a right in or against immovable property. CCP Arts. 74, 80. See City of Shreveport v. Stanley, 446 So.2d 839 (La. App. 2d Cir.1984), writ denied. There we recognized that mandamus is an extraordinary remedy, used only sparingly, and then to compel the performance of a ministerial duty that is clearly required by law.

VENUE
Venue is the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject. CCP Art. 41. Absent an exception in CCP Arts. 71 through 85 or elsewhere provided by law, the general rules of venue in CCP Art. 42 apply. CCP Art. 43. The general rule of venue is that the action be brought at the defendant's domicile. See CCP Art. 42(1).
LRS 13:5104(A) provides special venue in actions against the State:
All suits filed against the State of Louisiana or any state agency may be instituted before the district court of the judicial district in which the state capitol is located or in the district court having jurisdiction in the parish in which the cause of action arises.
*721 The proper venue for plaintiffs' mandamus action against the secretary to perform her ministerial duty is in the parish of the official domicile of the secretary. See St. Tammany Parish Council v. Brown, 443 So.2d 1 (La.App. 1st Cir.1983); Turner v. Collector of Revenue, 209 So.2d 301 (La.App. 4th Cir.1968).

DECREE
The trial court's overruling of the exception of venue is reversed and the exception is sustained. The clerk of the trial court is hereby ordered to transfer the action to the 19th Judicial District Court, East Baton Rouge Parish. CCP Art. 121.
REVERSED AND RENDERED.