Dear Mr. Tubb:
We are in receipt of the Ouachita Parish Police Jury's request for an Attorney General's opinion regarding the Cheniere Lake proposition. The request states that on March 9, 1970, the Ouachita Parish Police Jury voted to submit to the qualified electors in the parish the following proposition:
 "Shall the Police Jury of the Parish of Ouachita operate Cheniere Lake in accordance with the Louisiana Wildlife and Fisheries Commission's biologist's recommendation on wildlife, water and fish management?"
The resolution also provided that the Ouachita Parish Police Jury agreed to abide by the results of the referendum. Thereafter, the referendum was placed on the ballot in 1970 and passed by a vote of 5,747 for and 4,320 against. Upon our request, you have provided our office with additional information which states that there does not appear to be any statutory authority for placing the proposition in question on the ballot and that the Ouachita Parish Police Jury is a non-home rule charter parish and was such on March 9, 1970. Therefore, you have requested our opinion as to whether the passage of this proposition has created a binding obligation on the police jury to operate Cheniere Lake in accordance with the recommendation of the biologist for the Louisiana Wildlife and Fisheries Commission.
Chapter 6-B of the Louisiana Election Code, R.S. 18:1299 — 1300 sets out the procedure by which a proposition or question may be submitted to the voters. R.S. 18:1299 states:
 The provisions of this Chapter provide the procedures to be used in elections, except those provided for in Chapter 6-A of this Code, at which a proposition or question, authorized by the state constitution, by a statute of this state, or by a home rule charter, shall be submitted to the voters. (Emphasis added).
This statute has been interpreted to prohibit an election unless a proposition or question is specifically authorized by the Louisiana Constitution, a statute or a home rule charter.St. John the Baptist Parish Ass'n of Educators v. Brown,462 So.2d 1269 (App. 5th Cir. 1985), writ granted and electionstayed, 463 So.2d 1311, rev. on other grounds,465 So.2d 674. This office has issued several opinions which reach the same conclusion. See, Atty.Gen.Op. Nos. 87-229, 88-477, 88-599, 89-414, 93-750 and 96-78, enclosed herein for your information and review.
Inasmuch as there is no constitutional or statutory authority regarding an advisory referendum on whether the police jury should operate Cheniere Lake in accordance with a recommendation of the biologist for the Louisiana Wildlife and Fisheries Commission, it is our conclusion that the election on March 9, 1970 on same was a non-binding straw-vote which has no legal effect.
If we can be of further assistance in this matter, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _________________________________ ANGIE ROGERS LaPLACE Assistant Attorney General
RPI/ARL/pb
Date Received:
Date Released:
Angie Rogers LaPlace Assistant Attorney General