Dear Ms. Morris:
You requested the opinion of this office concerning Resolution No. 96-922 submitted to the Secretary of State by the City Council for the City of New Orleans calling an election to levy and collect a parcel fee within the Lake Forest Estates Improvement District (the "District").
As you advised, Act No. 44 of the 1996 Regular Session enacted La. R.S. 33:2730.33 [33:2740.34] which created a special taxing district for Lake Forest Estates Subdivision. La. R.S. 33:2740.33
authorizes the District to levy and collect a fee "only after the question of its imposition has been submitted to and approved by three-fourths of the registered voters of the district voting on the question at a regularly scheduled primary or general election". Resolution No. 96-922 provides that the fee will be imposed upon approval "by three-fourths of the registered voters of the District voting on the question and a simple majority of the City electorate voting for approval of said proposition", thus the resolution requires an election to be held not only in the District but also throughout the City of New Orleans.
Your questions are as follows:
 Since La. R.S. 18:1299 requires that any item placed on an election ballot be authorized by state law or by a home rule charter and La. R.S. 33:2740.33 seems to authorize only a vote of the electors of the District, would placement of this proposition on ballots within the City of New Orleans but outside of the District constitute a straw vote? If so, would the attached resolution be sufficient to place the proposition only on the election ballot within the District?
Chapter 6-B of the Election Code, La. R.S. 18:1299-1300 sets forth the procedure by which a proposition or question is to be submitted to the voters. La. R.S. 18:1299 provides in pertinent part, as follows:
 The provisions of this Chapter provide the procedures to be used in elections . . . at which a proposition or question, authorized by the state constitution, by a statute of this state, or by a home rule charter, shall be submitted to the voters.
This statute has been interpreted to prohibit an election unless a proposition or question is specifically authorized by the Louisiana Constitution, a statute or a home rule charter. St.John the Baptist Parish Association of Educators v. Brown,462 So.2d 1269 (La.App. 5th Cir. 1985), writ granted and election stayed 463 So.2d 1311, and reversed on other grounds, 465 So.2d 674. Several opinions of this office have reached this same conclusion: 88-477 (a parish cannot hold an advisory referendum on greyhound racing because such is not specifically authorized by the constitution, statute or home rule charter); 88-599 (the Election Code prohibits the placement of a proposition on the ballot unless it is specifically authorized by the constitution, a statute or home rule charter); 89-414 (express statutory, constitutional or home rule charter authority is a prerequisite to placing a proposition on the ballot); 93-750 (the City of Gretna could not hold a referendum election on a proposal to allow a land based casino within its city limits, as such election was not authorized by the constitution or state statute).
The election at issue is not authorized by the Louisiana Constitution nor have we been made aware of any provision of the Home Rule Charter of the City of New Orleans that authorizes the election. The election at issue is only authorized by statute and the election is only authorized by that statute to be conductedwithin the District. We are unable to find any authorization for the election to be conducted in that portion of Orleans Parish that lies outside of the District, as Resolution No. 96-922 purports to allow. Accordingly, it is the opinion of this office that the election purported to be conducted outside of the District is a straw vote, and as such, is violative of La. R.S.18:1299.
As to whether Resolution No. 96-922 is sufficient to place the proposition only on the election ballot within the District, must be answered in the negative. The Resolution contemplates an election which is not authorized by law.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH/