827 So.2d 666 (2002)
CAMERON PARISH POLICE JURY, et al.
v.
Honorable W. Fox McKEITHEN, Secretary of State.
No. 02-1202-CA.
Court of Appeal of Louisiana, Third Circuit.
October 14, 2002.
Rehearing Denied October 16, 2002.
Michael H. Rubin, Juston M. O'Brien, James Breaux, McGlinchey, Stafford, Baton Rouge, LA, for Defendant-Appellant, W. Fox McKeithen, Secretary of State.
Glenn W. Alexander, Jones & Alexander, Cameron, LA, for Plaintiff-Appellee, Cameron Parish Police Jury.
Joseph Anthony Delafield, Lake Charles, LA, for Plaintiff-Appellee, Cameron Parish Police Jury.
*667 Jennifer Jones Bercier, Jones Law Firm, Cameron, LA, for Plaintiff-Appellee, Earnestine Horn.
(Court composed of BILLIE C. WOODARD, JIMMIE C. PETERS, and GLENN B. GREMILLION, Judges).
GREMILLION, Judge.
The Cameron Parish Police Jury and Earnestine Horn, a qualified elector of Cameron Parish, initiated this Petition for Declaratory Judgment and Mandatory Injunction against the Honorable Fox McKeithen, in his capacity as Secretary of State for the State of Louisiana on September 23, 2002, seeking to enjoin his office from "failing to take all steps and acts necessary" to place certain gaming propositions on the ballot for the election of November 5, 2002 in Cameron Parish. The Secretary of State filed exceptions of improper venue, lack of standing, failure to join indispensable parties, prematurity, no cause of action, and no right of action. From a judgment denying the exceptions and granting the preliminary injunction, the Secretary of State appealed.
The background behind this litigation is as follows: St. Charles Gaming Company, Inc. entered into negotiations with the Cameron Parish Police Jury to effectuate its desired move of one of its river boats to Cameron Parish. These negotiations resulted in an execution of an Economic Development Contract. The Police Jury adopted a resolution calling for a parish wide election of the two propositions. The first proposition was to designate portions of the Sabine Lake and Sabine River for river boat gaming. The second proposition was to designate a berthing area.
The Police Jury subsequently filed a Petition for Declaratory Relief and Mandatory Injunction seeking to have the trial court order the Secretary of State to place the propositions on the ballot. The trial court issued a temporary restraining order and set a preliminary injunction hearing for October 1, 2002. On September 30, 2002, the Secretary of State filed the following: a declinatory exception of improper venue and prematurity, and a peremptory exception of no right of action, no cause of action, and nonjoinder of parties under La.Code Civ.P. arts. 641 and 642. A hearing on the injunction was held on October 1, 2002, and the trial court rendered judgment granting the preliminary injunction and dismissing the exceptions.
The first issue raised by this appeal is whether the trial court erred in dismissing defendant's Exception of Improper Venue.[1] The plaintiffs argue that Cameron Parish constitutes an appropriate venue mainly relying on election code venue provision La.R.S. 18:1300(C)(3), the venue provision in La.R.S. 13:5104, and the case of St. John the Baptist Association of Educators v. Brown, 462 So.2d 1269 (La. App. 5 Cir.1985), writ granted, reversed on other grounds, 465 So.2d 674 (La.1985). The Secretary of State contends that the ministerial acts that the Plaintiffs seek to have performed by the Office of the Secretary of State can be performed only in East Baton Rouge Parish; therefore, the Secretary of State posits that the Plaintiffs can pursue their claim only in that parish.
The present action is essentially a mandamus action to force the Secretary of State to perform its ministerial duties under the election code. The Secretary of State's ministerial duties include: 1) printing *668 the ballot pursuant to La.R.S. 18:1405(B), and 2) if required pursuant to La.R.S. 18:1285(B)(1)(b), insuring that only those propositions for which written certification of approval of the Louisiana State Bond Commission has been received are placed on the ballot.
In Ferrington v. Van Sickle, 545 So.2d 719 (La.App. 2 Cir.1989), the appellate court correctly stated the general venue provisions applicable to an action against a secretary of a state agency to perform a ministerial duty as follows:
Venue is the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject. CCP Art. 41. Absent an exception in CCP Arts. 71 through 85 or elsewhere provided by law, the general rule of venue is that the action be brought at the defendant's domicile. See CCP Art. 42(1).
LRS 13:5104(a) Provides special venue in actions against the State:
All suits filed against the State of Louisiana or any state agency may be instituted before the district court of the judicial district in which the state capitol is located or in the district court having jurisdiction in the parish in which the cause of action arises.
The proper venue for plaintiffs' mandamus action against the secretary to perform her ministerial duty is in the parish of the official domicile of the secretary. See St. Tammany Parish Counsel [Council] v. Brown 443 So.2d 1 (La.App. 1st Cir.1983), Turner v. Collector of Revenue, 209 So.2d 301 (La.App. 4th Cir.1968).
In St. Tammany Parish Council v. Brown, 443 So.2d 1 (La.App. 1 Cir.1983), the First Circuit was confronted with a similar factual situation as the present case. In that case, the St. Tammy Parish Council filed mandamus proceedings in St. Tammany Parish against the Secretary of State seeking an order directing him to place on the ballot a proposition regarding a real estate transfer fee. The Secretary of State filed exceptions to venue. The trial court, finding venue to be proper, rendered judgment granting the mandamus directing and ordering the Secretary of State to place the proposition on the ballot. On appeal, the First Circuit found the St. Tammany Parish Council had to sue the Secretary of State at its official domicile in East Baton Rouge Parish pursuant to La.Code Civ.P. art. 42(1).
The official domicile of the Secretary of State is East Baton Rouge Parish. See La.R.S. 36:741(A). The ministerial duties sought to be enjoined by the plaintiffs occur in East Baton Rouge Parish. Under the general provisions of venue and La. R.S. 13:5104, we find East Baton Rouge to be the proper parish for venue. Therefore, unless there is a special venue provision for such an action, the general rules of venue would control.
The plaintiffs argue that the venue provisions in the election code pursuant to La.R.S. 18:1300 provide for venue to be the parish where the election is to be held. This article provides that an elector who is eligible to vote in an election may apply for injunctive relief to prohibit the placing of a proposition on the ballot if notice is not timely received by the Secretary of State. Plaintiffs argue that if an elector can seek to enjoin the Secretary of State to prohibit the placing of a proposition on the ballot pursuant to the statute, then an elector should have the ability to seek injunctive relief to force the Secretary of State to place the proposition on the ballot, and that the venue should be the same in both situations. We disagree.
When an elector files suit to prohibit the placing of a proposition on the ballot, the *669 Secretary of State, as well as the governing body which authorized the proposition, are made parties to the proceedings. The action to be enjoined (placing the proposition on the ballot), occurs due to the failure of the governing body to perform its responsibilities necessary to have a proposition placed on the ballot. In that situation, venue is appropriate in the parish in which the election is called for the reasons that the governing body is a defendant in the proceedings, and the actions of the governing body are called into question. This is not that situation. In the present case, the elector and the police jury are suing the Secretary of State to have the proposition placed on the ballot. The Secretary of State is the only party defendant, and the ministerial actions to be enjoined occur only in East Baton Rouge Parish. For these reasons, we do not find that the venue provision pursuant to La.R.S. 18:1300(C)(3) applies to this situation.
Further, we do not find the St. John the Baptist Parish Association v. Brown case to be authority for the proposition that venue would be appropriate in Cameron Parish pursuant to the election code in the present case. In that case, the Fifth Circuit clearly distinguished the St. Tammany Parish Council v. Brown case. The Fifth Circuit noted that the Secretary of State was the only defendant in the St. Tammany case. However, in the St. John the Baptist Parish case, the Secretary of State was a co-defendant with the school board. Since venue was proper in St. John Parish as to the school board, the court found venue to be appropriate as to the Secretary of State under La.Code Civ. P. art. 73. We reject our colleagues' analysis in St. John the Baptist Parish that La.R.S. 18:1300(C) also provided a basis for venue in that suit for the reasons expressed in the preceding paragraph.
Since we have found no exception to the general rules of venue under these circumstances, we find East Baton Rouge Parish to be the place of proper venue, and need not address the remaining issues. Therefore, the trial court erred in overruling the declinatory exception of improper venue. The trial court's judgment is reversed, and the Clerk of this court is ordered to transfer the record of these proceedings to the Clerk of Court for the Nineteenth Judicial District Court.
REVERSED, RENDERED AND TRANSFERRED.
NOTES
[1] The overruling of an exception to venue may cause irreparable harm, and, therefore, is an appealable interlocutory judgment either by ordinary appeal or through the supervisory writ process. Bamburg Steel Buildings v. Lawrence General Corporation, 36,005 (La. App. 2 Cir. 5/8/02) 817 So.2d 427.