Dear Mr. Barnett:
On behalf of the Parish of St. Tammany (the "Parish"), you requested the opinion of this office concerning whether an election must be called in connection with the change in jurisdictional boundaries of two fire districts in the Parish. You advised that the Parish desires to move an area known as River Oaks Subdivision from St. Tammany Fire District No. 12 ("District 12") to St. Tammany Fire District No. 4 ("District 4").
Chapter 6-B of the Election Code, La.R.S. 18:1299-1300 sets forth the procedure by which a proposition or question is to be submitted to the voters. La.R.S. 18:1299 provides in pertinent part, as follows:
 "The provisions of this Chapter provide the procedures to be used in elections . . . at which a proposition or question, authorized by the state constitution, by a statute of this state, or by a home rule charter, shall be submitted to the voters."
This statute has been interpreted to prohibit an election unless a proposition or question is specifically authorized by the Louisiana Constitution, a statute or a home rule charter. St. John the BaptistParish Association of Educators v. Brown, 462 So.2d 1269 (La.App. 5th Cir. 1985), writ granted and election stayed 463 So.2d 1311, and reversed on other grounds, 465 So.2d 674. See also Op.Atty.Gen. Nos. 88-477, 88-599, 89-414, 93-750.
We have reviewed the Constitution, the statutes pertaining to the creation and redistricting of fire protection districts, R.S. 40:1491, et seq., and the Parish Home Rule Charter, and are of the opinion that there is no provision which requires an election for the Parish to alter the boundaries of its fire protection districts.
Trusting this adequately responds to your request, we remain
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________ MARTHA S. HESS Assistant Attorney General
RPI:MSH:jv
DATE RELEASED: January 9, 2003