Dear Mr. Davies:
On behalf of St. Tammany Fire Protection District No. 12 ("District 12"), you requested the opinion of this office regarding proposed changes to the boundaries of District 12. You advised that the St. Tammany Parish Council (the "Council") has approved Ordinance Calendar No. 2475 (the "Ordinance") moving a geographic area known as River Oaks Subdivision from the geographic territory of District 12 to the geographic territory of St. Tammany Fire Protection District No. 4 ("District 4"), with the effect of reducing the size of District 12 and increasing the size of District 4.
District 12 issued certificates of indebtedness secured by ad valorem taxes on all the property located in District 12, which certificates are scheduled to mature in full on March 1, 2008. The certificate holder has advised the District 12 Board of Commissioners that District 12 must refinance its debt as the collateral has changed due to adoption of the Ordinance. The cost to refinance the certificates is estimated at $8,000. It is also estimated that removal of the River Oaks Subdivision from the geographic boundaries of District 12 will decrease District 12's annual tax avails by approximately $80,000.
The Ordinance becomes effective immediately upon the execution of an intergovernmental cooperative endeavor agreement by District 4 and District 12, and a letter of no objection signed by all bondholders of District 12. As of early December, District 4 and District 12 have not entered into an intergovernmental cooperative endeavor agreement nor has a letter of no objection been signed by all of District 12's bondholders.
Your first question pertained to whether an election was necessary in order for the District boundaries to be changed. As we determined in Op.Atty.Gen. 02-488, Chapter 6-B of the Election Code, La.R.S. 18:1299-1300 sets forth the procedure by which a proposition or question is to be submitted to the voters. La.R.S. 18:1299 provides in pertinent part, as follows:
 "The provisions of this Chapter provide the procedures to be used in elections . . . at which a proposition or question, authorized by the state constitution, by a statute of this state, or by a home rule charter, shall be submitted to the voters."
This statute has been interpreted to prohibit an election unless a proposition or question is specifically authorized by the Louisiana Constitution, a statute or a home rule charter. St. John the BaptistParish Association of Educators v. Brown, 462 So.2d 1269 (La.App. 5th Cir. 1985), writ granted and election stayed 463 So.2d 1311, and reversed on other grounds, 465 So.2d 674. See also Op.Atty.Gen. Nos. 88-477, 88-599, 89-414, 93-750.
We have reviewed the Constitution, the statutes pertaining to the creation and redistricting of fire protection districts, R.S. 40:1491, et seq., and the Parish Home Rule Charter, and are of the opinion that there is no provision which requires an election for the Parish to alter the boundaries of its fire protection districts.
Your second question pertained to the effect of the boundary changes on the outstanding Certificates of Indebtedness. We understand that this issue is now moot, as the Certificates of Indebtedness have been refunded.
Trusting this adequately responds to your request, we remain
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________ MARTHA S. HESS Assistant Attorney General
RPI:MSH:jv
DATE RELEASED: January 23, 2003