305 So.2d 560 (1974)
Donald R. MILLER, Plaintiff-Appellant,
v.
COMMERCIAL UNION COMPANIES et al., Defendants-Appellees.
No. 12471.
Court of Appeal of Louisiana, Second Circuit.
December 10, 1974.
Donad R. Miller, in pro. per.
Blanchard, Walker, O'Quin & Roberts by Wilton H. Williams, Jr., and Jerald L. Perlman, Shreveport, for defendant-appellee The Travelers Insurance Co.
Before AYRES, HALL and DENNIS, JJ.
HALL, Judge.
This appeal presents issues of procedural law relating to cumulation of actions. Plaintiff appeals from a judgment of the district court sustaining an "exception of improper cumulation of actions and misjoinder of parties defendant" and dismissing plaintiff's suit against defendant The Travelers Insurance Company. We reverse the judgment of the district court, overrule the exception, and remand the case for further proceedings.
*561 Plaintiff filed suit against multiple defendants, primarily seeking to recover losses alleged to have been sustained by him arising out of damage to his Mercedes-Benz automobile. The principal causes of action asserted by plaintiff in his petition are:
(1) Against Henry McKenzie, Jr. and his liability insurer, Commercial Union Companies, for damages sustained as the result of a collision between plaintiff's automobile and an automobile driven by McKenzie;
(2) Against The Travelers Insurance Company, the liability insurer of Thornton's Shell Service Station for damages allegedly resulting from the negligence of the insured in causing the automobile to be further damaged while towing it from the scene of the accident to the repair shop;
(3) Against Holmes Pontiac Company, Inc. for loss allegedly sustained by plaintiff because of negligent and faulty repair work on the automobile; and
(4) Against Aetna Casualty & Surety Company, plaintiff's collision insurer, for the amount of damages to plaintiff's automobile, less the deductible amount stipulated in the collision insurance policy.
Defendant, The Travelers Insurance Company, filed an "exception of improper cumulation of actions and misjoinder of parties defendant" alleging there was no community of interest between exceptor and the other defendants. Prior to a ruling on the exception, plaintiff entered into a settlement with defendants Harry McKenzie, Jr. and Commercial Union Insurance Companies and dismissed his suit against those defendants with prejudice. The district court sustained Traveler's exception and dismissed plaintiff's suit as against Travelers.
On appeal plaintiff urges that there is a community of interest between the several defendants and, therefore, they were properly joined as parties defendant in the same suit. Plaintiff further urges that even if there is an improper cumulation of actions, the district court erred in dismissing his suit rather than ordering plaintiff to elect or ordering separate trials as required by LSA-C.C.P. Art. 464.
The applicable articles of the Louisiana Code of Civil Procedure are:
"Art. 647. The permissive joinder of two or more plaintiffs or defendants in the same suit is governed by the rules regulating the cumulation of actions provided in Articles 463 through 465."
"Art. 463. Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
(1) There is a community of interest between the parties joined;
(2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
(3) All of the actions cumulated are mutually consistent and employ the same form of procedure.
"Except as otherwise provided in Article 3657, inconsistent or mutually exclusive actions may be cumulated in the same suit if pleaded in the alternative."
"Art. 464. When the court lacks jurisdiction of, or when the venue is improper as to, one of the actions cumulated, that action shall be dismissed.
"When the cumulation is improper for any other reason, the court may: (1) order separate trials of the actions; or (2) order the plaintiff to elect which actions he shall proceed with, and to amend his petition so as to delete therefrom all allegations *562 relating to the action which he elects to discontinue. The penalty for noncompliance with an order to amend is a dismissal of plaintiff's suit."
"Art. 465. When the court is of the opinion that it would simplify the proceedings, would permit a more orderly disposition of the case, or would otherwise be in the interest of justice, at any time prior to trial, it may order a separate trial of cumulated actions, even if the cumulation is proper."
The official revision comments under Art. 463 state in pertinent part:
"While a single plaintiff may cumulate in the same suit two or more actions against the same defendant having no connection with each other, and based on different causes of actions, of necessity, greater restriction on the privilege of cumulating actions must be imposed when the suit is brought by plural plaintiffs or against plural defendants. The test to be employed in the latter case is the traditional one of a `community of interest between the parties joined.' For an explanation of this concept, see Comments (b), (c), and (d), hereof, infra.

"(b) The test of proper joinder applied by the majority of the Louisiana cases is the `common interest' of the plaintiffs joined in bringing the actions, or of the defendants joined in defending the actions. [citation omitted]
"A few of the Louisiana cases apply the test of `community of interest' in determining whether the cumulation of actions has been proper. [citations omitted] It is apparent, however, that `community of interest' and `common interest' refer to exactly the same concept, as a number of the Louisiana cases use both terms, and in a manner which indicates definitely that they are considered as synonymous. [citations omitted] As used in this article, `community of interest' is considered as being synonymous with `common interest' and is used in exactly the same sense in which the latter term is used in Gill v. City of Lake Charles, supra.

"(c) The term `community of interest' retains the same meaning assigned to it and to `common interest' in Gill v. City of Lake Charles, 119 La. 17, 43 So. 897 (1907), and subsequent cases based thereon, namely, actions arising out of the same facts, or presenting the same factual and legal issues."
Justice Albert Tate, Jr. commented on the pertinent articles of the Code of Civil Procedure in 30 La.L.Rev. 286, as follows:
"The 1960 enactment liberalizes cumulation of actions and permissive joinder of parties, an important Code reform. A plaintiff may cumulate against a defendant all consistent actions, even though based on different grounds, providing certain simple procedural requirements are met, such as each being properly venued. If multi-plaintiffs or multi-defendants are joined, there must then also be `a community of interest' between the parties joined, that is, the cumulated actions must arise out of the same facts or present the same factual and legal issues."
The question to be answered is do the defendants in this lawsuit have a "community of interest" in the subject matter of the suit? Do the cumulated actions arise out of the same facts or present the same factual and legal issues? The principal thrust of the plaintiff's actions against each of the defendants is to recover his losses arising out of the damage to the automobile. It is readily apparent that the central issue in the suit will be to determine which defendant is responsible for what part of the damage. Although the potential liability of the three remaining *563 defendants is based on three separate causes of action, the facts relating to each separate incident and transaction will necessarily be considered in determining the respective liabilities. The separate causes of action arise out of the same facts or present the same factual issues in the sense that the facts surrounding each of the separate incidents must be examined to determine the liability of each of the defendants.
We hold, therefore, that there is a "community of interest" between the three remaining defendants, Travelers, Holmes Pontiac and Aetna. Joinder of these three defendants in the same suit was proper and the exception of improper cumulation of actions filed by Travelers should be overruled.
Even if the exception were well-founded, it should be noted that the penalty for improper cumulation of actions is no longer dismissal of plaintiff's suit. Article 464 provides that when the cumulation is improper for any reason other than lack of jurisdiction or venue, the court may (1) order separate trials of the actions; or (2) order the plaintiff to elect which actions he shall proceed with and to amend his petition accordingly. Penalty for noncompliance with an order to amend is dismissal.
It should be noted further that even if cumulation is proper, the court has discretion under Article 465 to order separate trials of cumulated actions to simplify the proceedings or permit a more orderly disposition of the case or when it is otherwise in the interest of justice.
For the reasons assigned, the judgment of the district court is reversed, defendant Travelers's exception is overruled, and this cause is remanded to the district court for further proceedings consistent with this opinion and in accordance with law. Costs of the appeal are assessed against appellee.
Reversed and remanded.