563 So.2d 1240 (1990)
FIRST GUARANTY BANK
v.
Prentiss H. CARTER, Jr. and William F. Carter.
No. CA 89 0862.
Court of Appeal of Louisiana, First Circuit.
June 26, 1990.
*1241 Brian Butler, Baton Rouge, for plaintiff.
Randy Zinna, Baton Rouge, W. Hugh Sibley, Greensburg, for defendants.
Before LOTTINGER, CRAIN and LeBLANC, JJ.
LOTTINGER, Judge.
This is an appeal from a judgment sustaining the dilatory exception raising the objection of improper cumulation of actions. Plaintiff, First Guaranty Bank, initially filed suit against Prentiss H. Carter, Jr., and William F. Carter to enforce continuing guarantees executed by the Carter brothers individually in favor of First Guaranty Bank to secure debts owed by or guaranteed by Carter Mobile Homes, Inc. to the Bank.[1]
Subsequent to the filing of this suit, the Carter brothers made certain sales and encumbrances of immovable property to third parties.[2] Thereafter, First Guaranty Bank filed a second amended and supplemental petition which added these third parties to the suit, and alleged that these sales and encumbrances were done at a time when the Carter brothers were insolvent or that they were made insolvent by these transfers, that the transfers were fraudulent, and that they could be set aside in a revocatory *1242 action under La.Civ.Code arts. 2036 thru 2043.
All defendants filed the dilatory exception raising the objection of improper cumulation of actions in response to this amended petition. The trial court sustained defendant's exception and dismissed plaintiff's second amended and supplemental petition. First Guaranty Bank appeals devolutively from this judgment.
Whether or not a plaintiff may cumulate two or more causes of actions against multiple defendants is governed by La.Code Civ.P. art. 463. That Article provides:
"Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
(1) There is a community of interest between the parties joined;
(2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
(3) All of the actions cumulated are mutually consistent and employ the same form of procedure.
"Except as otherwise provided in Article 3657, inconsistent or mutually exclusive actions may be cumulated in the same suit if pleaded in the alternative."
The second and third requirements of La.Code Civ.P. art. 463 are clearly met in the instant case and the defendants do not claim otherwise. Thus, this case turns on the first requirement, whether or not there is a "community of interest" between the defendants.
The official revision comments to Article 463 in pertinent part state:
"While a single plaintiff may cumulate in the same suit two or more actions against the same defendant having no connection with each other, and based on different causes of actions, of necessity, greater restriction on the privilege of cumulating actions must be imposed when the suit is brought by plural plaintiffs or against plural defendants. The test to be employed in the latter case is the traditional one of a `community of interest between the parties joined.' For an explanation of this concept, see Comments (b), (c), and (d), hereof, infra.

"(b) The test of proper joinder applied by the majority of the Louisiana cases is the `common interest' of the plaintiffs joined in bringing the actions, or of the defendants joined in defending the actions. (Citations omitted).
"A few of the Louisiana cases apply the test of `community of interest' in determining whether the cumulation of actions has been proper. (Citations omitted). It is apparent, however, that `community of interest' and `common interest' refer to exactly the same concept, as a number of the Louisiana cases use both terms, and in a manner which indicates definitely that they are considered as synonymous. (Citations omitted). As used in this article, `community of interest' is considered as being synonymous with `common interest' and is used in exactly the same sense in which the latter term is used in Gill v. City of Lake Charles, supra.

"(c) The term `community of interest' retains the same meaning assigned to it and to `common interest' in Gill v. City of Lake Charles, 119 La. 17, 43 So. 879 (1907), and subsequent cases based thereon, namely, actions arising out of the same facts, or presenting the same factual and legal issues."
The Louisiana Supreme Court, in Gill v. City of Lake Charles, 119 La. 17, 43 So. 897 (1907) has held "that the avoidance of a multiplicity of suits is always desirable, but that parties are not allowed to join unless they have a common interest as to the point at issue, ...." Gill, 43 So. at 898-99.
Therefore, to determine whether the defendants in the instant case have a community of interest the question must be asked; do the cumulated causes of action arise out of the same facts, or do they present the same factual and legal issues? Miller v. Commercial Union Companies, 305 So.2d 560 (La.App. 2nd Cir.1974).
In order to prevail in the suit on the continuing guarantees, First Guaranty Bank will have to prove, 1) the existence and validity of the underlying debt owed to *1243 First Guaranty by Carter Mobile Homes, Inc.; and, 2) the existence and validity of the continuing guarantees executed by the Carter brothers in favor of First Guaranty Bank securing the debts of Carter Mobile Homes, Inc.
In order to prevail in the revocatory action First Guaranty Bank will have to prove these same two elements and, 3) that the Carter brothers transferred property to the third parties named in the second amended and supplemental petition; 4) subsequent to becoming indebted to First Guaranty Bank under the continuing guarantees; and 5) that these transfers either caused or increased the Carter brothers' insolvency.
From the foregoing it is apparent that the cumulated actions present some of the same factual and legal issues. The first two elements listed above involve both factual and legal issues, and are common to both asserted causes of action. The two actions sought to be cumulated not only share factual and legal issues, but the success of each depends upon successful proof by the plaintiff of both of the common issues. If the plaintiff fails to prove even one of these issues; i.e. the existence and validity of the debt owed to them by Carter Mobile Homes, Inc., and the existence and validity of the continuing guarantees executed by the Carter brothers individually, then both causes of action fail. If forced to litigate these claims as separate actions, First Guaranty Bank would have to prove the same two issues in each proceeding, since the transferees of the property involved in the revocatory action would not be parties to the suit on the continuing guarantees and would be free to litigate the issue of the Carter brothers' liability in the revocatory action. See, Dumas v. Lefebvre, 10 Rob. 399 (1845); Lanata v. Planas, 2 La.Ann. 544 (1847); former La.Civ. Code art. 1976.
The articles of the Code of Civil Procedure are to be construed liberally in the interest of fairness to the litigants and judicial efficiency. La.Code Civ.P. art. 5051; Johnson v. Marvin Cutrer Contractor, Inc., 348 So.2d 1256 (La.App. 2nd Cir. 1977).
To disallow cumulation of these two actions under La.Code Civ.P. art. 463, and force the plaintiffs to litigate these issues twice would not be in the interest of judicial efficiency and would be unduly burdensome and prejudicial to the plaintiff. General Electric Company v. Dugas, 526 So.2d 854, 857 (La.App. 1st Cir.1988). If cumulation is allowed on the other hand, the defendants will not be prejudiced in any way. All of the defendants will still have the right to contest all of the issues. Therefore, we hold that there is a community of interest between the defendants in the two actions, and cumulation is proper.
That cumulation is proper in this case is reaffirmed by the provisions of the Civil Code governing revocatory actions and the official comments thereto. An interpretation of the pertinent code article consistent with its official comments, would seem to indicate that a revocatory action may be joined with the suit against the debtor to enforce the underlying debt. The official comments to La.Civ.Code art. 2036; the primary article from which the revocatory action flows after the 1984 revisions, provides in pertinent part: "(a) This Article is new. It changes the law insofar as it abandons the notion of fraud contained in the source articles. Otherwise, it reproduces the substance of C.C. Arts. 1969, 1970, 1971, 1972, 1975, 1977, 1985, 1986, 1988, and 1994 (1870)." (Emphasis added).
Former La.Civ.Code art. 1975 provided:
"The plaintiff in the action given in this section may join the suit for annulling the contract to that which he brings against the original debtor for liquidating his debt by a judgment, and in such suit either of the defendants may controvert the demand of the plaintiff."
Therefore, La.Civ.Code art. 2036 contemplates that the plaintiff in a revocatory action may join that action with the suit against the transferor to enforce the underlying debt upon which the revocatory action is based.
We also note that the lower court erred in dismissing the revocatory action, *1244 even if cumulation had been improper. The proper action in such a circumstance is to order separate trials of the two actions or allow the plaintiffs to amend the petition to delete one of the actions. La.Code Civ.P. art. 464.
Even where cumulation is proper, such as here, a trial court is not prevented from exercising its discretion under La.Code Civ.P. art. 465 and ordering separate trials of the cumulated actions if it would simplify the proceedings, permit a more orderly disposition of the case, or otherwise be in the interest of justice. La.Code Civ.P. art. 465. Such a bifurcation would, in our opinion, be the perfect solution in a case such as this; the defendants would get a separate trial on each cause of action, yet the plaintiff would not have to litigate the same issues twice, as all of the parties would be bound by a judgment in either bifurcated proceeding.
Therefore, for the above and foregoing reasons, it is hereby ORDERED, ADJUDGED and DECREED, that the judgment of the district court sustaining the exception of improper cumulation of actions is REVERSED, and this case is remanded to the district court for further proceedings. Costs of this proceeding are assessed against all defendants-appellees.
REVERSED AND REMANDED.
NOTES
[1] At the time this suit was filed Carter Mobile Homes, Inc. had filed for protection under Chapter 11 of the United States Bankruptcy Code. These bankruptcy proceedings were later converted to Chapter 7 of that Code.
[2] Added as additional defendants in an amended and supplemental petition were: Betty Joe Carter Koger, Rebecca Carter, Sibley and McShan, a partnership, W. Hugh Sibley, William Matthews Carter, Cindy Ann Carter, and Amy Lynn Carter.