636 So.2d 627 (1994)
Donald W. ABSHIRE, et al., Plaintiffs-Respondents,
v.
STATE of Louisiana, Through DEPT. OF INSURANCE, et al., Defendants-Applicants.
No. W93-923.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1994.
*628 John Gregory Odom, New Orleans, Dan B. McKay Jr., Bunkie, David Peter Smith, Alexandria, for Donald W. Abshire.
Scott Holland Crawford, James Russell Lewis, John Rodney Ryan Jr., Laura Claverie Poche, Baton Rouge, for State Through Dept. of Ins.
Glenn Louis Langley, Herschel Erskine Richard Jr., Shreveport, for Standard Analytical Service.
Jack Pierce Brook, Michael Allyn Stroud, New Orleans, for Office of Financial Institutions.
Before GUIDRY and LABORDE JJ., and CULPEPPER[1], J. Pro Tem.
LABORDE, Judge.
The questions are of venue and ancillary jurisdiction. Should venue in Rapides Parish stand against state defendants sued for alleged failure to perform ministerial duties? Second, must plaintiffs' claims against a private party codefendant be cumulated with the claims against the state and follow them to the appropriate venue for the state claim, when jurisdiction and venue unquestionably attach to the private party claim, and its outcome turns on distinguishable facts and law?
We answer each question in the negative, and reverse in part on that basis. First, because it is their ministerial actions that are called into question, we conclude that the only venue which is proper as to the state entities is the Parish of East Baton Rouge. Second, we sever the claims alleged against the private party due to the distinctive factual and legal questions germane to them: the suit against the private foreign corporation may continue in Rapides Parish.
Finally, we defer to our sister jurisdiction consideration of whether plaintiffs complied with the administrative procedures act before filing suit against the public defendants in these proceedings.

PUBLIC PARTIES DEFENDANT
In the aftermath of the enormous losses sustained by individuals as a consequence of the collapse of the affiliated Public Investors Life Insurance Company, Midwest Life Insurance Company, and Public Investors, Inc., more than one thousand policyholders, annuity holders, and shareholders have filed suit against the Department of Insurance, the Office of Financial Institutions, and through them, the State of Louisiana.
In response to the suit filed against them in Rapides Parish, each of the public bodies has filed declinatory exceptions on three grounds. First, the public defendants argue that the suits against them cannot lie in Rapides Parish, an improper venue owing to their public nature and where the alleged causes of action arose; second, they claim they were improperly joined in suit with a private codefendant to preempt their natural venue defense; third, they argue that plaintiffs' suit against them is premature, as plaintiffs were required to exhaust their administrative remedies before filing suit against them.

Improper Venue
Plaintiffs believe that Rapides Parish, as the domicile of the insurers and place where many of the aggrieved plaintiffs are domiciled, constitutes an appropriate venue, although their claims of mismanagement, gross negligence, incompetence, and fraud are levelled against senior state officials domiciled in Baton Rouge. The state defendants contend that claims emanating from ministerial activities performed at the state capital can only be brought there.
Our state's Code of Civil Procedure does not address itself directly to the question of whether public entities may be sued for ministerial negligence in a venue other than Baton Rouge when they are named as codefendants with a private party against whom venue properly lies.

*629 SECTION 1. GENERAL DISPOSITIONS

Art. 41. Definition
Venue means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject.

Art. 42. General rules
The general rules of venue are that an action against:
(1) An individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence.
Art. 43. Exceptions to general rules
The general rules of venue provided in Article 42 are subject to the exceptions provided in Articles 71 through 85 and otherwise provided by law.
None of the excepted civil procedure articles cited above govern suits which call into question the official administrative actions of public entities. Thus, we consider exceptions "otherwise provided by law."[2]
Our research discloses LSA-R.S. 13:5104 to be the sole statutory authority of the various state entities pertaining to the proper venue as it concerns the suits against the state. It provides as follows:

§ 5104. Venue
A. All suits filed against the state of Louisiana or any state agency may be instituted before the district court of the judicial district in which the state capitol is located or in the district court having jurisdiction in the parish in which the cause of action arises.
B. All suits filed against a political subdivision of the state or against an officer or employee of a political subdivision for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause arises.
The language contained in LSA-R.S. 13:5104 has produced among the circuits some differences of interpretation. For instance, the First Circuit has concluded that LSA-R.S. 13:1504 A does not require that a suit be filed against the state in Baton Rouge or the parish in which the cause of action arises; due to the permissive language employed in that provision, it believes suits against the state can also be brought elsewhere. See, e.g., James v. State Farm Mut. Auto Ins. Co., 597 So.2d 555, 558 (La.App. 1st Cir.1992) (Tangipahoa Parish appropriate forum for cause of action arising in Washington Parish; suit against DOTD could have been brought in Washington or East Baton Rouge Parish, but could be brought elsewhere). Another circuit has attributed at least some significance to use of the phrase "cause of action" found in 5104 A, compared with the word "cause" contained in 5104 B. Urban Mgt. v. Shreveport Airport Auth., 602 So.2d 1055, 1057 (La.App. 2d Cir.1992).
We need not resort to such linguistic comparisons in light of the nature of the claims made against the state. Venue is only proper as to the public defendants in Baton Rouge. We are mindful that LSA-R.S. 13:5104 A provides that venue would be proper either in Baton Rouge or in the parish where the cause of action arose; however, we conclude that when it is their ministerial actions that are called into question, Baton Rouge offers the only appropriate forum. The language and intendment of LSA-R.S. 13:5104 A permits of no other interpretation. Although LSA-R.S. 12:5104 A nominally provides for some choice of venue, the facts of this case effectively rules out venue anywhere besides the Parish of East Baton Rouge.
State entities frequently may be sued in parishes other than that of the domicile of their headquarters, but the language contained in LSA-R.S. 13:5104 A would render exceptionally rare the circumstances under which a state entity who opposes litigation *630 away from home might be required to litigate issues of great import statewide, as opposed to causes of action whose immediate consequences merely reverberate locally. See, e.g., Ferrington v. Van Sickle, 545 So.2d 719 (La.App. 2d Cir.1989); Wall v. American Employers Insurance Co., 250 So.2d 172 (La. App. 1st Cir.1971). See also DeVillier v. State, 590 So.2d 1184 (La.1991) (Parties challenging constitutionality of statute and seeking to enjoin its enforcement in St. Martin Parish required to be brought in East Baton Rouge Parish). "Causes of action" arising from ministerial actions or inactions seldom arise anywhere but in the district court in which the state capitol is located. Demolle v. Dept. of Wildlife & Fisheries, 580 So.2d 1083, 1084 (La.App. 3d Cir.), writ denied, 586 So.2d 534 (La.1991).
Practical considerations recommend this result as well. A contrary conclusion could exact from nonlitigant taxpayers too high a price: a disabled state government entrusted and obligated to protect all of its citizenry hobbled by the special (possibly even deserving) interests of a relative few. Certainly, such an effect could not have been contemplated by the redactors of our Code of Civil Procedure.
Plaintiffs in this proceeding argue that senior officials in state government failed to regulate the insurance and financial industries on a statewide basis. In light of our determination that the alleged causes of action arose in our state's capital, we conclude that Rapides Parish is an inappropriate venue for the allegations pertaining to the state's aberrant ministrations. A contrary conclusion could result in undue encumbrances upon the state's governing apparatus at its very highest reaches, an absurd consequence we are certain could not have been intended by the redactors of our code of civil procedure. See generally, Turner v. Collector of Revenue, 209 So.2d 301 (La.App. 4th Cir. 1968), holding that branch offices opened by state tax collector did not have the effect of broadening venue options (which we apply by analogy to the effect of infrequent state inspections designed to alleviate the need for bringing all records to the state capitol for inspection).
The state defendants' declinatory exceptions of improper venue are meritorious. In the interest of justice, we will transfer to the 19th Judicial District Court plaintiffs' suit filed against the state defendants. See LSA-C.C.P. arts. 121; 932; 5051.[3]
Owing to our jurisdictional deferral as to the claims against the state, we abstain from reaching the question of prematurity arising from our state's administrative procedure act. See, e.g., DeVillier, supra, at 1184.

PRIVATE PARTY DEFENDANT
In addition, plaintiffs sue a private party, Standard Analytical Service, Incorporated, a Missouri corporation whose principal place of business is located in that state. Their claim against Standard Analytical stems from that companies' glowing reviews of the defunct carriers on the eve of their collapse. Plaintiffs' claim that Standard knew or should have known of the companies' impending doom, yet disseminated incorrect information it knew or should have known would be relied upon by thousands of unsuspecting investors and policyholders.

*631 Jurisdiction

Claiming its connection to Louisiana too tenuous to answer suit here, Standard Analytical filed a declinatory exception of lack of personal jurisdiction. It plainly has no merit. See generally Fox v. Bd. of Sup'rs of La. State Univ., 576 So.2d 978, 983-986 (La.1991). The sole inquiry in Louisiana as to personal jurisdiction over a nonresident is whether the assertion of jurisdiction complies with constitutional due process. Superior Supply v. Assoc. Pipe & Supply, 515 So.2d 790, 792 (La.1987). We conclude without reservation that Standard Analytical could reasonably anticipate being haled into court in Louisiana. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Its claim to have seldom if ever had an employee ever physically enter Louisiana is of no moment in view of its numerous contractual relationships with companies domiciled here. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). The company did not merely place its products in the stream of commerce, Cf. Asahi Metal Industry Co. v. Superior Court, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987); rather its contacts were so numerous and its solicitations so targeted to Louisiana domiciled insurers that the suit against Standard is permitted under either general or specific jurisdiction principles. Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).
Nor can Standard Analytical's jurisdictional challenge stand on equitable grounds.
Factors considered in determining whether the assertion of personal jurisdiction comports with notions of fair play and substantial justice are:
(1) The burden on the defendant;
(2) The forum state's interest in the dispute;
(3) The plaintiff's interest in obtaining convenient and effective relief;
(4) The judicial system's interest in obtaining an efficient resolution of controversies; and
(5) The state's shared interest in fostering fundamental substantive social policies. Burger King, 471 U.S. at 476, 105 S.Ct. at 2184, 85 L.Ed.2d at 543.
Fox, supra, at 986.
Although Standard Analytical would prefer to fight its battle closer to home, its burden of waging litigation is not so great in this modern world of videotape, air travel, fax machines and conference calling as to require plaintiffs to oblige them. Fox, supra. On the other hand, this state's interest in so vital an area as insurance fraud is difficult to overstate, and the laws of this state like those of other states permits its citizenry to rely on the Long Arm statute to seek justice here. Additionally, the bulk of the parties and evidentiary exhibits are located in this state. These factors, compared with the not so great burden on defendants to produce a few witnesses and exhibits from the Midwest, lead us to conclude that Louisiana provides a constitutionally and logistically appropriate forum for resolving the legal questions presented in the dispute between its citizenry and the private defendant to these proceedings.
Improper Joinder, Pendent Party Jurisdiction and Venue
Art. 461. Cumulation of actions defined
Cumulation of actions is the joinder of separate actions in the same judicial demand, whether by a single plaintiff against a single defendant, or by one or more plaintiffs against one or more defendants.
Source: C.P. Art. 148; Arts. 153, 156, Spanish Code of Civil Procedure; Arts. 153, 156, Cuban Code of Civil Procedure.
Art. 462. Cumulation by single plaintiff against single defendant
A plaintiff may cumulate against the same defendant two or more actions even though based on different grounds, if:
(1) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
(2) All of the actions cumulated are mutually consistent and employ the same form of procedure.

*632 Art. 463. Cumulation, plural plaintiffs or defendants
Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
(1) There is a community of interest between the parties joined;
(2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
(3) All of the actions cumulated are mutually consistent and employ the same form of procedure.
Except as otherwise provided in Article 3657, inconsistent or mutually exclusive actions may be cumulated in the same suit if pleaded in the alternative.
Art. 464. Improper cumulation, effect
When the court lacks jurisdiction of, or when the venue is improper as to, one of the actions cumulated, that action shall be dismissed.
When the cumulation is improper for any other reason, the court may: (1) order separate trials of the actions; or (2) order the plaintiff to elect which actions he shall proceed with, and to amend his petition so as to delete therefrom all allegations relating to the action which he elects to discontinue. The penalty for noncompliance with an order to amend is a dismissal of plaintiff's suit.
Art. 465. Separate trials of cumulated actions
When the court is of the opinion that it would simplify the proceedings, would permit a more orderly disposition of the case, or would otherwise be in the interest of justice, at any time prior to trial, it may order a separate trial of cumulated actions, even if the cumulation is proper.
Standard Analytical has also excepted to its being joined in the suit involving the State defendants. We find merit in these claims.
Cumulation is only appropriate where each of the characteristics described in LSA-C.C.P. art. 463 are present. We have already concluded that the only appropriate venue for plaintiffs' against the state parties in the present case is Baton Rouge; therefore, on the basis of LSA-C.C.P. art. 463(2) alone, cumulation is inappropriate.
Moreover, even had we not found exclusive venue as to the public defendants to lie elsewhere, the outcome would be no different under our 1960 Code of Civil Procedure. Standard Analytical seeks to have its suit severed on grounds that the claims against the private and public party defendants are too unrelated in nature to warrant cumulation.
If multi-plaintiffs or multi-defendants are joined, there must then also be `a community of interest' between the parties joined, that is, the cumulated actions must arise out of the same facts or present the same factual and legal issues.
Miller v. Commercial Union Companies, 305 So.2d 560, 562 (La.App. 2d Cir.1974), quoting Tate, "Work of the Louisiana Appellate Courts for the 1968-1969 Term," 30 La. L.Rev. 286 (1970).
Therefore, to determine whether the defendants in the instant case have a community of interest the question must be asked; do the cumulated causes of action arise out of the same facts, or do they present the same factual and legal issues?
First Guar. Bank v. Carter, 563 So.2d 1240, 1242 (La.App. 1st Cir.1990), citing Miller, supra.
We conclude that the causes of action against the public and private party defendants neither arise from the same facts nor present the same factual and legal issues; therefore, no legally cognizable "community of interest" connects the two. In order to prevail in their suits against the public law defendants, assuming such a cause of action exists, plaintiffs will have to show negligence on the part of senior state government officials, and possibly collusion with the carrier's preinsolvency management. The key evidence in making such a showing, no doubt after prolonged discovery and litigation, will turn on evidence to be found in Baton Rouge: what did various civil servants know and do to forestall, then orchestrate, the sequence of insurer insolvencies. Their private party action, on the other hand, will concern evidence available to them in Rapides Parish through long-arm and local discovery (without grinding state government to a halt). Apart from public documents available to them there as *633 elsewhere, those questions will hinge on what the Standard Analytical executives based in Missouri might have learned from their dealings with Alexandria-based insurers.
The only connection between plaintiffs' private party and public party actions is that both arose after the insurers were declared insolvent. It would be unfair to Standard Analytical to require it to stand trial in the protracted proceedings we foresee against the state on so loose a basis. The ever present search for judicial economy must yield whenever a party's substantive rights in a principal demand might be affected, for not only judicial economy, but fairness to litigants as well as intended ends of our procedural system. LSA-C.C.P. art. 5051. The quest for fairness must not be forgotten, even in the context of multiparty litigation, whether arising in the context of a class action suit[4] or cumulative party action.[5] Cf. LSA-C.C.P. art. 1034 (exception of improper venue unavailable to parties to incidental demand when principal demand in proper forum); Artigue v. St. Paul Fire & Marine Ins., 537 So.2d 1238 (La.App. 4th Cir.1989); Smith v. Baton Rouge Bank & Trust Company, 286 So.2d 394, 397 (La.App. 4th Cir.1973).

Conclusion
Plaintiffs' claims against the state are ordered transferred to the 19th Judicial District Court. LSA-C.C.P. art. 121. Lacking adequate nexus for cumulation, plaintiffs' claims against the private party defendant is ordered severed. Because we conclude that no community of interests calls for cumulation, we need not reach the question of whether under certain circumstances pendant party jurisdiction in Louisiana might attach to require the transfer of a suit filed as to one of multiple defendants, when venue is proper and no alternate grounds of transfer are available.[6]
We will not dismiss plaintiffs' suit against the private party defendant named in this proceeding.
The Code of Civil Procedure requires dismissal of an improperly cumulated action only where as to that action the court lacks jurisdiction or the venue is improper. When the cumulation is improper for any other reason, the court may either order separate trials of the actions, or order the plaintiff to elect the action he wants to go forward. C.C.P. Art. 464.
Cromwell v. Commerce & Energy Bank, 514 So.2d 198, 202 (La.App.3d Cir.1987). In accord, Miller, supra, at 563.
The state defendants' exceptions of prematurity are preserved for de novo review by the 19th Judicial District Court.
SEVERED IN WHOLE AND TRANSFERRED IN PART, AT PLAINTIFFS' COST.
*634 For the reasons assigned in Abshire, et al. v. State of Louisiana, Through Department of Insurance, et al, W93-923, the suit is severed, the actions against the public defendants are transferred, and the actions against the private foreign corporation may continue in Rapides Parish. Costs of the transferred suits to be taxed to plaintiffs.
SEVERED IN WHOLE, TRANSFERRED IN PART, AT PLAINTIFFS' COSTS.
For the reasons assigned in Abshire, et al. v. State of Louisiana, Through Department of Insurance, et al, W93-923, the suit is severed, the actions against the public defendants are transferred, and the actions against the private foreign corporation may continue in Rapides Parish. Costs of this suit to await the outcome of this proceeding.
SEVERED IN WHOLE AND TRANSFERRED IN PART.
NOTES
[1] Judge William Culpepper, Retired, is serving as Judge Pro Tempore by order of the Louisiana Supreme Court.
[2] If no exception to the general rules can be shown to exist, LSA-C.C.P. art. 42(1) above would require the actions against the state defendants to be brought in East Baton Rouge Parish. St. Tammany Parish Council v. Brown, 443 So.2d 1 (La.App. 1st Cir.1983).
[3] SECTION 3. CHANGE OF VENUE

Art. 121. Action brought in improper venue; transfer
When an action is brought in a court of improper venue, the court may dismiss the action, or in the interest of justice transfer it to a court of proper venue.
Art. 932. Effect of sustaining declinatory exception
When the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court.
If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with an order requiring such removal, the action shall be dismissed; except that if it has been brought in a court of improper jurisdiction or venue, the court may transfer the action to a proper court in the interest of justice.
Art. 5051. Liberal construction of articles
The articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves.
See also note 6.
[4] "Fairness to the parties demands at the least that the relationship between the members of the class should be examined to determine whether it would be unfair to the members of the class, or to the party opposing the class, to permit separate adjudication of the claims." Stevens v. Board of Trustees of Police Pension Fund, 309 So.2d 144, 151 (La.1975).
[5] See, e.g., Smith v. Orleans Elec., Inc., 457 So.2d 216, 218 (La.App. 4th Cir.1984), writ denied, 460 So.2d 1045 (La.1985).
[6] On first impression, the problem at the heart of this case would appear to be that plaintiffs have cumulated two actions against plural defendants. LSA-C.C.P. arts. 462 and 463, pertaining to cumulation of two or more actions and joinder of two or more parties as defendants, require that venue be proper for each of the actions. This problem was recognized by Justice Lemmon in his concurrence in Kellis v. Farber, 523 So.2d 843, 849-50 (La.1988).

Upon further review, had venue against the state not been deemed to reside exclusively in East Baton Rouge Parish, this case would have presented a more complex question, one concerning an action comprising multiple claims and multiple defendants, where venue against one but not all is proper. The provision on forum non conveniens, LSA-C.C.P. art. 123, does not permit the transfer of a suit brought in the parish in which the plaintiff is domiciled and in a court which is otherwise a court of competent jurisdiction and proper venue. (We further note that, taken in isolation, LSA-C.C.P. art. 464 would seem to call for dismissal of any action filed in the wrong jurisdiction or venue, an outcome which under the circumstances would lead to absurd consequences. Counsel for plaintiff's would seem to have taken great chances with multitudinous clients' claims by not filing a class action more readily susceptible of transfer.)