I2WOODARD, Judge.
The defendants, the State of Louisiana and Wiley Sylvester, filed exceptions of improper venue, improper joinder of parties, prematurity, and no cause of action: first, against the plaintiff Walter Leonpacher and then later against the intervenors, Kurt and Melissa Myers and Barry and Betty Tromblay. The district court denied the exceptions. The defendants seek review.
BACKGROUND
Sometime in early July 1994, the Three Mile Corporation, through its representative, Walter Leonpacher, applied for a permit with the state through Sylvester to install an individual sewerage treatment plant on a lot located in Phase V of Three Mile Lake Development. The State Health Officer with the Louisiana Department of Health and Hospitals refused to issue the permit, instead informing Leonpacher that a community sewerage system would be required for that phase of Three Mile Lake. Leonpacher, individually and on behalf of Three Mile, then filed for an administrative hearing with the state agency. The ruling of the administration was adverse, and a suit for judicial review of that administrative decision, “Three Mile Corporation and Walter Leonpacher [emphasis supplied] ...,” was pending in the *59 Nineteenth Judicial District Court, Parish of East Baton Rouge, when the actions resulting in this appeal were taken.
Meanwhile, on April 10, 1995, after the administrative hearing but before the agency’s ruling, Leonpaeher filed this suit in the Twenty-Seventh Judicial District Court, Parish of St. Landry, designating his pleading as a “Petition For Injunctive Relief, Or Alternatively, For Monetary Damages.” He named as defendants the State of Louisiana, through the Department of Health and Hospitals, for its refusal to issue a permit to construct an individual sewerage treatment plant; the St. Landry Parish Police Jury for its refusal to issue a building permit, which refusal was because Three Mile and Leon-pacher had not complied with the state’s directive that a community sewerage system be built; and Wiley Sylvester, Chief Sanitation Officer for the parish and also a state employee.
On July 13,1995, Kurt and Melissa Myers, and Barry and Betty Tromblay, filed a Petition for Intervention, asserting the same bases for their action and making the same demands as had Leonpaeher. The plaintiff and the intervenors not only asked for an injunction “enjoining defendants from refusing to grant the plaintiffs the |3permits they request,” but also for monetary damages. The plaintiffs and the intervenors’ pleadings state actions founded on constitutional, as well as on statutory and administrative regulatory, grounds.
In response to Leonpacher’s suit, two of the named defendants, the state and Sylvester, filed exceptions of improper venue, prematurity, and no cause of action. The exceptions were heard July 28,1995, and denied in a judgment signed August 3, 1995. Later, in response to the intervenors’ petition, the same defendants filed the same exceptions, adding one for improper joinder of parties. These exceptions were tried October 6, 1995, and in a judgment, signed October 17, 1995, the district court denied them also.
It is from these two judgments that the state and Sylvester seek review.
ASSIGNMENTS OF ERROR
We begin by reciting the assignments of error in more or less the same words and format as presented to us by the state and Sylvester. They maintain that the trial court erred in its ruling as to those exceptions against both the plaintiff and the intervenors: (1) in denying their exception of improper venue in a suit concerning the administrative and ministerial duties of a public entity whose legal domicile is East Baton Rouge Parish; (2) in denying their exception of improper venue in suits for injunctive relief seeking to enjoin a state agency and its employee from refusing to grant the plaintiff and the intervenors permits, which suits, and the relief sought in them, would circumvent the Administrative Procedure Act by allowing a trial de novo of the same subject matter currently under judicial review by the Nineteenth Judicial District Court, Parish of East Baton Rouge; and (3) in denying their exception of prematurity in that Leonpaeher has failed to show that he has exhausted, and the intervenors have failed to show that they have either initiated or exhausted, the administrative remedies available to them under the Louisiana Sanitary Code, 1:007-1 et seq., which was promulgated in accordance with the Administrative Procedures Act, La. R.S. 49:951 et seq. Regarding their exceptions to the intervenors’ suit only, the state and Sylvester additionally charge, along with the preceding three, that the trial court erred (4) in denying their exception of improper joinder wherein the claims against the state party defendants involve the ministerial duties of a state agency in enforcing the provisions of the Louisiana Sanitary Code, and wherein venue |4provisions dictate that such claims against a state party defendant be severed and transferred to the only jurisdiction appropriate for the state party defendant, the Nineteenth Judicial District Court, Parish of East Baton Rouge.
LAW & DISCUSSION
The state and Sylvester, as we appreciate the issues presented by their arguments in support of their assignments, are contending that a suit founded on their administrative and ministerial duties cannot be maintained in the Twenty-Seventh Judicial *60 District Court because venue as to such a suit, an action against the state, and against Sylvester as an employee of the state, for failure to carry out administrative and ministerial duties, is only proper in the Nineteenth Judicial District Court as a proceeding for judicial review after all administrative proceedings and remedies have been exhausted. We agree with the defendants to that extent.
The plaintiff and the intervenors do not dispute the defendants’ assertion that they are a state agency and its employee, and that they have been empowered by the legislature, through La.R.S. 40:4-5, to prepare, promulgate, and enforce rules and regulations embodied within a state sanitary code. Louisiana Sanitary Code 1:001 et seq. The plaintiff and the intervenors also do not challenge that the state sanitary code was promulgated in accordance with the Administrative Procedure Act and that state agencies or departments are subject to the provisions of that Act. Id.; La.R.S. 49:951 et seq. Moreover, neither is it contested that the suits filed by the plaintiff and the intervenors state claims that incorporate causes of action against the state and Sylvester for failure to perform or carry out administrative and ministerial duties and functions.
We find that this court’s opinion in Abshire v. State, Through Dept, of Ins., 93-923 (La. App. 3 Cir. 4/6/94); 636 So.2d 627, writ denied, 94-1213 (La. 6/24/94); 640 So.2d 1332, along with the previously cited statutes and regulations, resolves the issues in dispute to a great extent. The plaintiffs in Abshire sued the state and a private party co-defendant in Rapides Parish, where venue unquestionably attached to the private party claim. Nevertheless, we held in Abshire that “because it is their ministerial actions that are called into question, ... the only venue which is proper as to the state entities is the Parish of East Baton Rouge.” Id. at 628. Note that venue in Abshire as to the state entity was proper only in East Baton Rouge Parish because |5it was ministerial actions that were challenged, not because the co-defendant was a private party and not a political subdivision, which is what the plaintiff and the intervenors would have us now believe was decided.
We acknowledge that Abshire contains language which some may, as a matter of first impression, deem qualifying on this point, i.e.: “... LSA-R.S. 13:5104 A would render exceptionally rare the circumstances under which a state entity who opposes litigation away from home might be required to litigate issues of great import statewide, as opposed to causes of action whose immediate consequences merely reverberate locally.” Id. at 630. First, we recognize and point out that this language in Abshire is dictum, and, besides, we further note that Abshire did not deal with a situation, as here, where there is a venue statute directly applicable to this particular state agency’s administrative process and the judicial review of that process (La.R.S. 49:964, discussed below).
That the plaintiff and the intervenors have joined a party, the St. Landry Parish Police Jury, not amenable to administrative redress proceedings, does not abrogate statutory and regulatory dictates as they apply to the state and Sylvester in their administrative and ministerial capacities. To decide as the plaintiff and the intervenors would have us would seriously cripple, if not entirely invalidate, all administrative process: to evade administrative review, a party would only have to cumulate or join non-administrative claims or defendants. Nor has the plaintiff or the intervenors directed us to any law on point that holds otherwise. The case they rely on for support, River Marine Contr. v. Board of Com’rs, 568 So.2d 620 (La.App. 4 Cir.), writ denied, 571 So.2d 645 (La.1990), is distinguishable: it was not a case that concerned the administrative or ministerial duties of a state agency; rather, it involved a jurisdictional battle between a state agency and a political subdivision over who had authority over certain public property. That is not the case here.
That the plaintiff and the intervenors may have stated claims in their petitions that do not arise from the defendants’ administrative or ministerial duties and functions does not change our holding on this issue: namely, that the plaintiff and the intervenors, as to their claims against the state and Sylvester founded on their administrative and ministerial duties, must first exhaust all administra *61 tive remedies, and then, if they are still dissatisfied with the agency’s final decision on the matter, seek judicial review in the Nineteenth Judicial District Court, as explicitly mandated_Jeby the statute, La.R.S. 49:964, expressly authorizing the process of resolution. The plaintiff and the intervenors, in effect, invite us to read out the clear, unambiguous dictate of a specific, directly pertinent, venue statute in favor of a much more general one. We decline. That La. R.S. 49:964 applies as we here hold it to was also implicit in the resolution of the venue issue in Abshire, 636 So.2d at 628, dictum notwithstanding: “Finally, we defer to our sister jurisdiction [the Nineteenth JDC] consideration of whether plaintiffs complied with the administrative procedures act before filing suit against the public defendants in these proceedings.” Therefore, we order that the suits by the plaintiff and the interve-nors as to their claims arising from the state and Sylvester’s administrative and ministerial duties be transferred to the Nineteenth Judicial District Court. Id. That court can decide whether the administrative process has been exhausted. Id.
As to any other claims the plaintiff and the intervenors may have stated in their suits against the state and Sylvester that are beyond the state’s administrative purview, the general law on actions and proceedings appertains, and they may be countenanced in the Twenty-Seventh Judicial District Court if jurisdiction and venue are otherwise proper. See La.Code Civ.P. arts. 41-12; La.R.S. 13:5104(A). We note that La.R.S. 13:5104(A) would seem to permit venue in the Twenty-Seventh JDC of those other, non-administrative claims stated by the plaintiff and the intervenors against the state and Sylvester. The Louisiana Supreme Court, in Daily Advertiser v. Trans-La, etc., 612 So.2d 7, 31 (La.1993), a case that also illuminates the resolution of the issues in this case, held:
Our conclusion that the exhaustion rule applies, however, does not mean that plaintiffs are deprived of their right to adjudicate their legal claims for damages ... in court.... [Plaintiffs are entitled to the adjudication of the remainder, if any, of their claims over which jurisdiction in the district court is proper.
Whether the plaintiff and the intervenors have otherwise stated a cause of action can be determined by the district court upon remand. Id. To aid the trial court in this determination, we remind it of another of the supreme court’s pronouncements in Daily Advertiser: ‘Yet, the manner in which plaintiffs couch their claims does not automatically vest jurisdiction in the district court; rather, the nature of the relief demanded is dispositive.” Id. at 16.
^Similarly, such an action against these two parties may be joined with a suit against another party, such as the St. Landry Parish Police Jury, if germane codal, statutory, and jurisprudential strictures allow. See La. Code Civ.P. arts. 461-465, 121-123, and Abshire, 636 So.2d 627. We refer the parties and the trial court to the pertinent statutory and case law, should the matter be pursued further. Considering the record as it is before us now, we find that the issue of whether the Twenty-Seventh Judicial District Court can, or should, hear the non-administrative claims against the defendants, much less if joined with an action against the St. Landry Parish Police Jury, cannot be resolved by us at this time. The parties, as we view the record, seem to have contested only whether the administrative claims against the state and Sylvester could be tried in the Twenty-Seventh JDC along with the claims against a non-administrative party, the St. Landry Parish Police Jury. Further, the district court’s ruling does not contemplate whether a suit devoid of all administrative claims can be maintained against the defendants in that court, much less along with a suit against a non-administrative party. Thus, since these issues are not appropriately before us, we will not attempt to resolve them at this time. Instead, we remand to the trial court for further action consistent with this opinion. Daily Advertiser, 612 So.2d 7; Abshire, 636 So.2d 627.
Finally, if a suit against the state and Sylvester before the Twenty-Seventh JDC is proper, either together with or separate from a suit against the police jury, the trial court should consider whether proceedings should *62 nonetheless be stayed pending the administrative adjudication. Daily Advertiser, 612 So.2d 7.
CONCLUSION
For the reasons stated in the foregoing opinion,, we reverse the trial court and grant the defendants’ exceptions to the extent they apply to claims based on the defendants’ administrative and ministerial duties, and we order those claims severed and transferred to the Nineteenth Judicial District Court. As those exceptions apply to the plaintiffs and the intervenors’ non-administrative claims, we remand to the trial court for further proceedings consistent with this opinion.
All costs of these proceedings are assessed equally to the plaintiff and the intervenors.
REVERSED AND REMANDED WITH INSTRUCTIONS.
PETERS, J., concurs in part and dissents in part and assigns reasons.