813 So.2d 1206 (2002)
Teresa Cooper WILLIAMS, et al., Plaintiffs-Appellees,
v.
STATE of Louisiana, Through the DEPARTMENT OF SOCIAL SERVICES, et al., Defendants-Appellants.
No. 35,928-CA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 2002.
*1207 Richard P. Ieyoub, Attorney General, Mark E. Posey, Assistant Attorney General, for Appellants.
W. James Singleton, Reshonda L. Bradford, for Appellees.
Before NORRIS, GASKINS and KOSTELKA, JJ.
GASKINS, Judge.
Following the drowning death of her minor daughter, Teresa Cooper Williams filed a wrongful death action and survival action against the State of Louisiana, through the Department of Social Services ("DSS"), two of its employees and a DSS-approved foster guardian. The defendants filed an exception of improper venue objecting to the filing of the suit in Caddo Parish. The trial court overruled the exception. For the reasons set forth below, we affirm.

FACTS
According to the allegations in the plaintiffs' petition, 14-year-old Jessie Lee Cooper was left unsupervised at the Cypress Black Bayou Recreational Area (which is apparently in Bossier Parish) while in the custody of Bettie Adger, a foster guardian approved by DSS. The suit alleges that the girl drowned there as a result of Ms. Adger's negligent supervision. She was transported to LSU Medical Center in Caddo Parish where she was pronounced dead. Her death certificate lists Caddo as the parish of death.[1]
The suit was filed in Caddo Parish against DSS and Ms. Adger. Also named as defendants were two DSS employees, Quillen Capers and Beverly Wilson. Ms. Adger is domiciled in Caddo Parish, while Mr. Capers and Ms. Wilson are both domiciled in Bossier Parish.
The defendants filed a declinatory exception of improper venue on the basis that under La. R.S. 13:5104(A), DSS can only be sued in the district court of the judicial district where the state capitol is located (East Baton Rouge Parish) or in the district court of the parish in which the cause of action arises (allegedly Bossier Parish). The defendants argued that while the certificate of death listed Caddo Parish as the parish of death, the cause of action arose in the parish where the wrongful conduct took place (Bossier Parish) and not where the death ultimately occurred. The trial court overruled the exception, interpreting La. R.S. 13:5104(A) as being a permissive venue article and noting that Caddo was listed as the parish of death. This appeal by the defendants followed.[2]

DISCUSSION
Venue is the parish in which an action may properly be brought and tried pursuant to the rules governing the subject. La. C.C.P. art. 41. The general rules of venue are set forth in La. C.C.P. art. 42, which provides in pertinent part:

*1208 The general rules of venue are that an action against:
(1) An individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence....
These general rules of venue are subject to the exceptions set forth in La. C.C.P. arts. 71 through 85 and otherwise provided by law. La. C.C.P. art. 43.
La. C.C.P. art. 73 provides as follows:
A. An action against joint or solidary obligors may be brought in a parish of proper venue, under Article 42 only, as to any obligor who is made a defendant provided that an action for the recovery of damages for an offense or quasi-offense against joint or solidary obligors may be brought in the parish where the plaintiff is domiciled if the parish of plaintiff's domicile would be a parish of proper venue against any defendant under either Article 76 or R.S. 13:3203.
B. If the action against this defendant is compromised prior to judgment, or dismissed after a trial on the merits, the venue shall remain proper as to the other defendants, unless the joinder was made for the sole purpose of establishing venue as to the other defendants.
Since Ms. Adger is domiciled in the parish of Caddo and the plaintiffs have pleaded that the defendants are "jointly, severally, and indivisibly liable" for the damages sustained (a point that has not been disputed by the defendants), it would appear that venue is proper under La. C.C.P. art. 73.
However, the defendants urge that venue as to DSS is only appropriate in either East Baton Rouge Parish or Bossier Parish pursuant to La. R.S. 13:5104(A), which provides in pertinent part:
A. All suits filed against the state of Louisiana or any state agency may be instituted before the district court of the judicial district in which the state capitol is located or in the district court having jurisdiction in the parish in which the cause of action rises. [Emphasis added.]
It is the contention of the defendants that La. R.S. 13:5104(A) provides the general venue provisions for suits against the state since La. C.C.P. art. 42 does not provide for the proper venue in actions in which the state or one of its political subdivisions is a defendant. Also central to their argument is its contention that the provisions of La. R.S. 13:5104(A) are the mandatory venues for suits against the state or any state agency.
In support of their contention, the defendants have cited the cases of Robbins v. State through State Land Office, 97-671 (La.App. 3rd Cir.12/17/97), 704 So.2d 961, writ denied, 98-0176 (La.3/20/98), 715 So.2d 1214; Leonpacher v. St. Landry Parish Police Jury, 95-1510 (La.App. 3rd Cir.5/8/96), 690 So.2d 57, writ denied, 96-2867 (La.1/24/97), 686 So.2d 862; and Abshire v. State of Louisiana, through Dept. of Insurance, 93-923 (La.App. 3rd Cir.4/6/94), 636 So.2d 627, writ denied, 94-1213 (La.6/24/94), 640 So.2d 1332. We do not find these cases to be dispositive of the issue before the court, nor do these cases stand for the proposition suggested by the defendants. None of these cases state that La. R.S. 13:5104(A) contains mandatory venue provisions in suits against the state or its agencies. While the language in Abshire, supra, may suggest that the Third Circuit took that position, the subsequent decision of Robbins, supra, makes it clear that that court has since reconsidered that position.
In Robbins, supra, the State Land Office cited Abshire, supra, in arguing that venue was inappropriate in Concordia Parish, the situs of the immovable property which was the subject of the litigation, *1209 because as a state agency the proper venue for suits against it should be limited by La. R.S. 13:5104(A). The court held that Concordia Parish was an appropriate venue, citing La. C.C.P. art. 80 which provides that an action to assert an interest in immovable property may be brought in the parish where the property is located. This is noteworthy in that the court essentially held that La. R.S. 13:5104(A) was a permissive venue statute which did not exclude venues which are appropriate under other venue statutes.
As the First Circuit Court of Appeal held in James v. State Farm Mutual Automobile Insurance Company, 597 So.2d 555 (La.App. 1st Cir.1992), La. R.S. 13:5104(A) is clearly permissive of other venues in a suit against the state or one of its agencies as is evidenced by the statute's use of the word "may." If the legislature had intended to make the two optional venues provided in the statute mandatory and exclusive, then it would have provided for it by using the mandatory language it employed in drafting the provisions in La. R.S. 13:5104(B), which immediately follows the statute at issue in the present case. Therein the legislature provided that suits against political subdivisions of the state "shall" be filed in either the parish where the subdivision is located or the parish where the cause of action arises. The fact that such mandatory language was not used in La. R.S. 13:5104(A) can only be interpreted to signify the legislature's intent to make the venue provisions therein optional.
La. C.C.P. art. 73 clearly allows for a suit against "any" joint or solidary obligor to be brought in a parish which is a parish of proper venue under La. C.C. art. 42 as to at least one of the other joint or solidary obligors. Absent a clear statutory expression to the contrary, we see no reason why the state or one of its agencies as a joint or solidary obligor would not be subject to the provisions of this statute. Since the plaintiffs have alleged joint liability on behalf of all defendants and venue is clearly proper as to one defendant, Ms. Adger, venue is proper as to all defendants.
Because we find that the trial court was correct in overruling the exception of improper venue on the basis of La. C.C.P. art. 73, we need not address the question of whether the child's declaration of death in Caddo Parish was the event which gave rise to the cause of action for wrongful death which would have triggered the second of the two optional venues found in La. R.S. 13:5104(A).

CONCLUSION
The trial court judgment overruling the defendants' exception of improper venue is affirmed. To the extent permitted by law, costs of this appeal are assessed against the defendants/appellants.
AFFIRMED.
NOTES
[1] Although the petition states that the girl was left unsupervised "[o]n or about June 15, 2000," the death certificate states that she was injured on "5-29-00" in "Bossier Parish" and that the interval between onset of the cause of death and death was "weeks." She actually died on June 15, 2000, in Caddo Parish.
[2] A judgment granting or denying an exception of improper venue may cause irreparable harm and thus is an appealable interlocutory judgment. Singley v. City of Bastrop, 33,247 (La.App.2d Cir.5/10/00), 759 So.2d 292.